JOSEPH F. GLIDDEN *et al.*

*v.*

SAMUEL F. HOPKINS, for the use of
JOHN H. DEWEY.

| 47 | 525 |
| 28a | 540 |
| 47 | 525 |
| 47a | 257 |
| 47 | 525 |
| 108a | 309 |
| 108a | 312 |

1. SCHOOL FUND—*power of school directors over.* In an action against the directors of a school district, upon an instrument executed by their predecessors, to the following effect:

" STATE OF ILLINOIS, ⎰
   County of DeKalb.⎱          " No. 59.

DEKALB, Oct. 28, 1862.

"Treasurer of township No. 40, north range No. 4, in said county, Pay to F. S. Hopkins, or bearer, the sum of eighty dollars, out of any money belonging

to school district No. 7, in said township: interest ten per cent. per annum, and due two years after date.

" By order of the Board of Directors of said district.

" J. V. RANDALL,⎫
" H. THOMPSON,  ⎬ Directors.
" R. T. PHILLIPS,⎭

" $80.00.

" May 16th, 1865."                " Per Randall."

—*Held,* that the order was void, being on its face without authority, and that an action would not lie thereon.

2.   SAME—*orders drawn upon the school fund—must show on their face for what purpose drawn—statute mandatory.* Under our statute all orders drawn upon the school fund must express on their face the purpose for which they are drawn, otherwise they are void.   This provision of the law is mandatory.

3.   SAME—*payment of interest on—or other recognition of a void order drawn upon the fund—will not render it valid.* This order being void in its inception, no act of any succeeding board of directors, by the payment of interest thereon, or otherwise, by the promise of any officer to pay it, can render it valid. · A subsequent board of directors, could not ratify an illegal act of their predecessors. The acts of each board must be tested by themselves.

4.   SAME—*power by school directors—a personal trust—orders drawn upon must be signed by each director in person.* The power to draw orders upon the school fund cannot be delegated by the directors to one of their number, but must be executed in person, by each. The trust being a personal one, one member will not be permitted to act for the others, with or without their consent, in signing their names to such orders.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. R. L. DEVINE, for the plaintiffs in error.

Mr. J. H. MAYBORNE, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action in the DeKalb Circuit Court, brought by Samuel F. Hopkins, against Joseph E. Glidden and others,

as directors of school district no. 7, in township 40 north, range 4 east of the third principal meridian, on the following instrument in writing :

" STATE OF ILLINOIS,  }
    County of DeKalb.  }                    " No. 59.
                               " DeKALB, Oct. 28, 1862.

" Treasurer of Township No. 40 North, Range 4 in said county :

" Pay to S. F. Hopkins or bearer, the sum of eighty dollars, out of any money belonging to School District No. 7, in said township ; interest, ten per cent. per annum, and due two years after date.

" By order of the Board of Directors of said district.

                             " J. V. RANDALL,  }
   " $80.00.                " H. THOMPSON,  } Directors.
" May 10th, 1865.          " R. T. PHILLIPS,  }
                              "*Per* Randall."

On the trial of the cause before a jury, the plaintiff offered in evidence, to sustain the issue on his part, the original instrument, to the admission of which, the defendants objected, for the reason that the writing did not show on its face for what purpose it was drawn, or what indebtedness it was to pay, and for the reason that it was a time obligation, bearing interest, and not for the payment of money on demand, and for the further reason that it did not purport to be signed by the directors individually, but by another person on their behalf.

The court overruled the objections, to which exception was taken, and such proceedings were had as to result in a verdict and judgment for the plaintiff, for the amount specified in the writing, with interest.   To reverse this judgment, the defendants bring the record here by writ of error.

This ruling of the court, in admitting the writing in evidence, presents the principal point in the case, and on which it must turn.

The force of the main objection, is perceived by a reference to the act of the general assembly, to establish and maintain a system of free schools. That act provides for the election, in each school district, of three persons as school directors. When elected and qualified, they become a corporation, and have perpetual succession. Their duties are plainly defined by the act, and may be performed by a majority of the members.

The township school fund, by which the system is maintained, and all moneys belonging to the township devoted to schools, are placed in the custody of the township treasurer, no part of which can be distributed or expended for any purpose whatever, except the interest, and the rents and profits of such lands as may be acquired by the township, but should be loaned out and held to use, rent or profit, as is, or may be provided by law.

Certain school funds collected from taxes levied by the order of the directors, or from the sale of property belonging to any district, can be paid out on the order of the directors, and all moneys and school funds liable to distribution, not being principal, paid into the township treasury, or coming into the hands of the township treasurer, can be paid out only on the order of the proper board of directors, signed by a majority of the board, or their president and clerk ; and in all such orders, the purpose for which, or on what account drawn, shall be stated, and a form is given in which they may be drawn.

From the various provisions of this act, a studied design on the part of the legislature to protect the school fund, and guard it from all misapplication, is quite apparent. This provision, requiring orders to express on their face for what purpose drawn, must, in the light of this legislation, be regarded as

mandatory, and the provision itself is so just, and so well calculated to protect the fund, that it cannot, and ought not, in any case, to be dispensed with.

The order offered in evidence, was not an order authorized to be drawn, and consequently, it furnished no ground of action against the succeeding board of directors, the plaintiffs in error herein.

It is insisted, on behalf of defendant in error, that although the order might have been illegally drawn, it has been recognized as valid by the board of directors, they having paid interest upon it, and the township treasurer had recognized its validity by promising to pay it when in funds.

The board of school directors, though a corporation, are possessed of certain specially defined powers, and can exercise no others, except such as result, by fair implication, from the powers granted.

As a corporation, they are but the agents of the tax-payers and inhabitants of the district in which they are organized. Every official act performed by them, is for their constituents, these inhabitants and tax-payers, and, for doing the act, they must show, when questioned, their authority.

We do not perceive how a subsequent board of directors can ratify an illegal act of their predecessors. They do not stand in the relation of principal and agent. The acts of each board must stand by themselves, and be tested by the law.

This order, tested by the statute, was void in its inception, and incapable of being made valid by the act of any succeeding board, or by the promise of any official to pay it.

The additional point is made by the plaintiffs in error, that the order was not issued by the members of the board of directors, but by one only—he acting for the others, with their consent, and by their direction.

We are not of opinion that this power over the school fund, deposited with the Board of Directors, can be delegated by

67—47TH ILL.

one to the other, but must be executed in person. It is a personal trust, and cannot be delegated.

The view we have been taking of the case, renders it unnecessary to consider other points raised.

The judgment of the circuit court is reversed.

*Judgment reversed.*