## SCHOOL DIRECTORS, etc.

### v.

## FIRST NATIONAL BANK OF GREENVILLE.

PAYMENT OF TEACHERS—SCHEDULES—AUTHORITY OF DIRECTORS TO DRAW ORDERS.—The school law provides that until a schedule is filed with the township treasurer, properly certified by the school directors, it shall not be lawful for such treasurer to pay any teacher, or any two members of the board of directors to draw an order in favor of such teacher. An order drawn by the board of directors before the filing of a schedule, is illegal and void in whosesoever hands it may be, and no recovery can be had thereon against the district.

APPEAL from the Circuit Court of Bond county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM H. DAWDY and Mr. EDWARD Y. RICE, for appellant; as to the power of school directors to draw orders on the treasurer, cited Rev. Stat. 1874, 965, § 53; Newell v. School Directors, 68 Ill. 514; Glidden et al. v. Hopkins, 47 Ill. 525.

If the order is to be regarded as an inland bill, it should have been presented within a reasonable time: 1 Parsons on Contracts, 265; Cayuga Bank v. Hunt, 2 Hill, 635; Wiseman v. Chiapella, 23 How. 368.

As to effect of failure to give notice of non-payment: 1 Parsons on Contracts, 277; Goldenau v. Davis, 23 Cal. 256.

Judgment should be reversed because it awarded execution against the school district. Rev. Stat. 1874, 963, § 49; Botkin v. Osborne, 39 Ill. 101

Messrs. PHELPS & PHELPS and Mr. D. H. KINGSBURY, for appellee; that the order was drawn and issued in accordanae with the statute, cited Rev. Stat 1874, 966, §§ 54, 67.

The treasurer became personally liable to t,e district for paying out money without an order therefor: Rev. Stat. 1874, 970, § 67.

Delay in presenting the order will not prejudice the holder,

there being no intervening loss of funds by bankruptcy or otherwise: Howes v. Austin, 35 Ill. 396; Willetts v. Paine, 43 Ill. 432; Murray v. Judah, 6 Cow. 484.

The consideration of a school order may be inquired into, even after assignment: Newell v. School Directors, 68 Ill. 514.

TANNER, P. J. This cause was tried in the Circuit Court of Bond County, on appeal from a justice of the peace, and was brought upon an order drawn by the school directors of District 6, T. 7, R. 3, under the provisions of section 54, chapter 122, R. S. 1874. The order was drawn in the form prescribed in section 67 of same chapter. The cause was heard by the court without a jury, and verdict was found for the plaintiff. The defendants asked, but were denied a new trial, and the court rendered judgment for the amount of the order with costs. The appellants bring the cause to this court, and allege as error, the refusal of the court to grant a new trial, and the rendition of judgment for appellee. The facts briefly stated are, that a female teacher taught school in said district for one month; sent her schedule by her husband to the directors of the district, for examination and a certificate, as required by law. One director was found, who having examined and finding it correct, signs it and returns it to the husband to carry to the other directors. He also signed an order for the amount due the teacher, as per schedule, and also handed the order to the husband to carry to the other directors. The same papers are, on the same day, presented to another director, who also examines, signs, and returns them to the husband, and instructs him to give the schedule to the township treasurer, and the order to the teacher. The order was three days afterwards purchased by and assigned to the appellee for full value; and, not being paid, suit is brought against the directors. The order was drawn and the schedule certified on the 23d of November, 1875, and about the 20th of December following, the husband of the teacher presented the schedule to the treasurer of said town, who examined and found the certificate upon the schedule in proper form. He inquired whether an order had been drawn on him 'or the amount due,

and was told by the husband that the directors had drawn no order for the amount, but he wanted the money; the treasurer informed him that there was no money in the treasury belonging to town 6. On the 17th day of April following, the husband of the teacher returned to the treasurer, and upon stating that no order had ever been given by the directors for the amount due on the schedule, the treasurer paid the money, and took receipt for the same. The treasurer had been authorized by the teacher to make payment to her husband. Some three weeks after the payment of the money, the cashier of the appellee presented to the treasurer the order in suit, and demanded payment. Up to this date, the treasurer had received no notice that the order was in existence. The foregoing are substantially all the facts developed by the record, which can be invoked to sustain the judgment of the court. In Glidden v. Hopkins, 47 Ill. 525, the court, in speaking of the powers and duties of school directors, uses this language:

" The board of school directors, though a corporation, are possessed of certain specifically defined powers, and can exercise no others, except such as result by fair implication from the powers granted. As a corporation, they are but the agents of the tax-payers and inhabitants of the district. Every official act which they perform is for their constituents the inhabitants and tax-payers—and for the doing of the act, when questioned, they must show their authority." And this rule is re-stated in the case of Newell v. School Directors, 68 Ill. 514. Does the act of the directors in drawing the order in the case before us, when tested by the foregoing rule, create a liability for its payment? We think not. The latter clause of the 53d section of the school act provides " schedules certified as aforesaid, by at least two directors, shall be filed by said directors with the township treasurer; and until such schedule and report as aforesaid shall have been filed as aforesaid, it shall not be *lawful* for said treasurer to pay said teacher, or any two members thereof to draw an order in favor of said teacher." The order in this case was made about one month before the schedule was filed with the treasurer, and was therefore unlawfully drawn. If drawn unlawfully it was void; and if void,

in the hands of the drawee, no rule of commercial law could impart vitality to it. It is said, however, by counsel for the appellee, that the schedule was filed with the treasurer within a short time after the order was drawn. Be it so; this fact will in no wise help the appellee. If it was unlawful to draw the order before the schedule was filed, the shortness of the time that intervenes could not make the act lawful. The directors when they drew the order were not with the treasurer; and the testimony shows that he never knew that the order had been drawn until notified by the appellee, some six months thereafter. They certified to the correctness of the schedule, and drew the order for the money, and delivered both to the teacher, through her agent. *Laches* cannot be imputed to the tax-payers and inhabitants of school districts; and the only safe rule that the courts can establish for their security—in the payment and distribution of the moneys set apart to and contributed by them, through the various forms of taxation, for the education of their children,—is to hold all school officers to a strict compliance with all the provisions of law in reference to their conduct as such: and to charge all persons dealing in orders drawn upon the school funds, with notice of the want of power for so doing.

Directors of schools in drawing orders on the treasurer of the township for the payment of moneys, stand on a very different footing than private individuals; they are the agents constituted by law for the proper disbursement of the funds belonging to the inhabitants of the school districts; and therefore, when sued upon orders issued by them unlawfully, they are not deprived of presenting a successful defense by any rule of law in reference to the execution, and putting into circulation of negotiable paper by individuals or private corporations.

In the case of Newell v. School directors, *supra*, the court says: "We are inclined to hold that, as the orders are payable to the individuals to whom they are issued, or bearer, they may pass by indorsement so as to vest title in the assignee, and authorize him to institute suit in his own name; but we think there is a wide and marked difference between the rights of the assignee of such orders, and the rights of the assignee of

promissory notes or bills of exchange before maturity." True, in that case the court held the order void in the hands of the assignee, because it was apparent from its face that it was not drawn in conformity to the requirement of the statute, and was therefore notice to all who should deal with the same; we now, however, have under consideration the character of an order, regular on its face, and were we inclined to regard the conduct of the directors, in drawing it before the schedule had been filed with the treasurer, as a mere irregularity, the authority cited would not perhaps, be conclusive upon the rights of the appellee. But we must hold, inasmuch as the statute declares "it shall not be lawful to issue such orders until the schedule has been filed with the treasurer," that it was void when drawn, and no one can claim to be an innocent holder. We think the judgment of the Circuit Court erroneous, and as no recovery can be had on the order, in accordance with the views we entertain, we reverse the judgment of the Circuit Court, but decline to remand the cause.

Reversed.