MEYER v. SCHOOL DISTRICT No. 31, MINNEHAHA COUNTY.

1.  By the provisions of Section 4833, Comp. Laws, the defense of the statute of limitations can only be taken by answer, and, when so pleaded, it is deemed denied without a reply, under Section 4933, Id. A motion, therefore, to dismiss the action on the ground that it is barred by the statute cannot be made until the trial is concluded, as up to that time the plaintiff has the right to introduce any legal evidence tending to show that the action is not barred by the statute.

2.  A school district order, regular upon its face, is prima fiacie binding and legal. Its apparent validity may be impeached by showing that the school officers were not properly authorized to execute it, but that is a matter of defense.

3.  A school district order was drawn upon its treasurer, and was on the same day indorsed "Not paid for want of funds." On the same day the payee named in the order signed the following memorandum on the back of the same, with the knowledge and consent of the school district officers: "For value received, the payment hereof is extended for five years from date, conditioned that interest be paid annually." *Held*, that the payee or assignee could only take advantage of the condition; and, *held*, further, that notwithstanding the interest was not paid, the statute of limitations did not commence to run until the expiration of five years from the date of the order.

4.  Only the ultimate or issuable facts should be alleged in a pleading. An ultimate or issuable fact is one essential to the claim or defense, and which cannot be stricken from the pleading without leaving it insufficient. The evidence by which such ultimate or issuable fact is to be proven need not be alleged.

(Syllabus by the Court. Opinion filed Dec. 9, 1893.)

Appeal from circuit court, Minnehaha county.   Hon. F. R.
AIKENS, Judge.

Action by C. H. Meyer against School District No. 31,
Minnehaha county, on a district order.   Plaintiff had judgment
and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

The extension of the  time of  payment upon an instrument
for the payment of  money, granted upon a condition which is
never fulfilled, is inoperative and the statute of limitations com-
mences to run from the date of maturity of the instrument, and
not from the date to which the  time of  payment had been ex-
tended had the  condition  been fulfilled.   Wetzell v. Bursard,
11 Wheat. 309; 6 L. Ed. 481; Bell v. Morrison, 1 Peters, 351; 7
L. Ed. 174.

Failure to deny allegations in a  pleading which simply al-
lege conclusions of  law  does not impliedly  admit their truth.
Warmouth v. Hatch, 33 Cal 121; Lumber Co. v. Keefe, 41 N. W.
743, S. C. 6  Dak. 160;  1 Estes  C. Pl. §  185; Bliss C. Pl. § 334;
Dayton v. Connah, 18 How. Pr. 326; Bank v. City of Rochester,
41 Barb. 341; Alston v. Wilson; 44 Ia. 130;  Jordan v. Bank, 74
N. Y. 467; Laws of  1879,  Chap. 14, § 56; Bank v. School Dist.
No. 53, 42 N. W. 767.

A school warrant is not a  negotiable  instrument, and the
question of superior rights of a bona  fide holder for value does
not arise in an  action  based  upon it.   Capital Bank v. School
District No. 53, 48  N. W. 303;  Bank  v. Willow  Lake  School
Tp., 44 N. W. 1002; Smith v. Brady, 17 N. Y. 178.

It was error for the court to allow  the introduction in evi-
dence of the school order for the reason  that  no  authority on
the part of the  district to issue the order was shown.   Bank v.
School District, 42 N. W. 467.

The consideration for the warrant in suit being the erection
and completion of a school building according  to  the terms of

the contract, and a school building not being completed in accordance with the terms of the contract the plaintiff was not entitled to recover upon the warrant. Elliott v. Caldwell, 9 L. R. A. 52; Leeds v. Little, 44 N. W. 309; Pullman v. Corning, 9 N. Y. 99; Smith v. Brady, 17 N. Y. 189.

The facts show the contract to have been an entire contract in its nature and a substantial compliance with its terms was a condition precedent to the right of a recovery on the warrant. Woodward v. Fuller, 80 N. Y. 312; Pullman v. Corning, 9 N. Y. 93; Smith v. Brady, 18 N. Y, 173; Bishop Cont. § 71.

*Winsor & Kittredge*, for respondent.

The warrant in suit being drawn to be payable out of a specific fund the statute of limitations did not commence to run until there was money in that fund to pay it with, or until sufficient time had elapsed that the court could say as a matter of law that the money was in the fund. King Bridge Co. v. Ottoe County, 124 N. S. 459; Grayson v. Latham, 4 So. Rep. 200; Whetmore v. Monona Co. 34 N. W. Rep. 751; Bull v. Sims, 23 N. Y. 570; 33 Iowa 199, 222; Edwards on Bills, 143; Press v. Cornish, 19 Me. 191; Campbell v. Polk Co. 3 Ia. 467; Union Co. v. Mason, 9 Ind. 97; Bayerque v. San Francisco, 1 McAll. C. Cr. 175; Justices v. Orr, 12 Ga. 137; Freehill v. Treasurer of Sacramento, 65 Cal. 603.

CORSON, J. This was an action brought by the plaintiff to recover the amount of a school district order or warrant, issued by the defendant school district. Judgment for the plaintiff, and the defendant appeals.

The school district order bears date April 29, 1882, and was presented for payment on the same day, and endorsed "Not paid for want of funds." On the same day, April 29, 1882, the payee named in the order signed the following stipulation or memorandum on the back of the same: "For value received, the payment hereof is extended five years from date, conditioned that

interest be paid annually." The order was on the same day endorsed "Without recourse," by the payee, and delivered to the plaintiff. The action was commenced August 27, 1890, more than eight years after the order was issued, and after the time it was presented for payment, and indorsed "Not paid for want of funds."

1. The first error assigned is that the court erred in not granting defendant's motion for judgment upon the pleadings. This motion was made before the trial commenced, and upon the ground that it appeared by the pleadings that more than six years had elapsed since the order was issued and payment refused, and that, as the defendant had pleaded the statute in bar of the action it was entitled to judgment without evidence, as the order itself was a part of the complaint by a copy being annexed thereto. This motion was properly denied, for the reason that the defense of the statute of limitations was new matter, but not a counterclaim, and therefore stood, by the provisions of the statute. as denied without a reply, under Section 4933, Comp. Laws, the last clause of which section reads as follows: "But the allegations of new matter in the answer, not relating to a counterclaim, or of new matter in a reply, is to be deemed controverted by the adverse party upon a direct denial or avoidance as the case may require." The defense might, on the trial, be met and overthrown by evidence on the part of the plaintiff. The motion, therefore, was prematurely made.

2. Again, it is claimed that the court erred in not granting defendant's motion for judgment at the close of plaintiff's evidence. The plaintiff introduced the school order in evidence —that is, the face of the order,—and rested; and thereupon the defendant moved the court for judgment, but the court denied the motion. We think the court ruled correctly. The introduction of the order made a prima facie case far the plaintiff, (Edinburg-American L. & M. Co. v. City of Mitchell, [S. D.] 48 N. W. 131,) and, until the defendant made its defense, it

could rest on its prima facie case. As we have seen, plaintiff still had the right to introduce evidence in rebuttal of defendant's case.

3. The third assignment of error is that the court erred in admitting in evidence the school district order, upon the further ground that no authority on the part of the district to issue the order was shown. The learned counsel for the respondent that such an authority was alleged in the complaint, and was not denied in the answer, and therefore no issue was raised upon that question. In the second paragraph of the complaint it is alleged as follows: "(2) That on the 4th day of April, 1882, at an election duly called for that purpose, the officers of said school district were duly authorized to incur an indebtedness of $650 for the purpose of erecting a school house in said district; and in pursuance of said authority, the proper officers of said school district duly contracted with one E. G. Ledyard to erect and construct said school house for said school district, and took from said Ledyard a bond for the doing of said work, and made, executed and delivered to him its order (a copy of which is hereto annexed) on its treasurer." The allegations contained in this paragraph are not denied or referred to in the defendant's answer, and hence were admitted under the provisions of Section 4933, Comp. Laws, if well pleaded. The learned counsel for the appellant, however, contend that no facts are alleged in this paragraph, but only conclusions of law, which the defendant was not required to answer or deny. We cannot agree with the counsel in their construction of this paragraph. We are of the opinion that the pleader does allege facts that require a denial to put the authority of the board to issue the order in issue. The facts alleged were the ultimate facts to be established. It was not necessary to set out the evidence by which the ultimate facts were to be proven. An ultimate or issuable fact in a pleading is one essential to the claim or defense, and which cannot be stricken from the pleading without leaving it insufficient. Such issuable facts quite frequently involved a legal

proposition also.  Payne v. Treadwell, 16 Cal. 221–224; Green v. Palmer, 15 Cal. 412; Ensign v. Sherman, 14 How. Pr. 439; Walter v. Lockwood, 23 Barb. 228; Sanders v. Leavy, 16 How. Pr. 308; People v. Ryder, 12 N. Y. 433; Bliss Code Pl. § 206.  We are clearly of the opinion that the second paragraph tenders several important issues of fact which, not being denied, must be taken as admitted, namely, that an election was held; that the officers of the school district were authorized to incur the indebtedness for which the order in controversy was issued; that a contract to erect the school house was entered into; and that the order was issued in payment of said indebtedness so incurred.  These facts being admitted by not being denied, all questions as to the legality of the order and the right of the district to incur this indebtedness are eliminated from the case.

Again, this court held, in the case of Edinburg American L. & M. Co. v. City of Mitchell, *supra*, that school township warrants are "prima facie binding and legal.  Their apparent validity may be impeached by showing that the officers were not properly authorized, but that is matter of defense."  In this case there is nothing set up in the answer showing that the school warrant in controversy was not legally and properly issued.  It is true it is claimed the school building it was issued to erect was not constructed and completed according to contract, but this did not raise any issue as to the power or authority of the school officers to issue the warrant.  Hence the school warrant being prima facie legal and valid, and no facts being set up in the answer impeaching its validity on the ground of the want of power or authority in the school board to issue it or the school district to authorize its issue, the question of its legality cannot be considered on this appeal.  Under either view, therefore, the warrant was properly admitted in evidence by the court, and, in the absence of any affirmative defense, was sufficient to sustain plaintiff's action.

4.  It is also insisted that the court erred in admitting the memorandum endorsed upon the back of the order, extending

the time for the payment of the same five years on condition
that the interest should be paid annually, on the ground that
the memorandum was only signed by the payee named in the
order, and that it appeared from the allegations in the com-
plaint that the condition was not complied with by the payment
of the interest annually, as therein specified. But we are of
the opinion that neither of these objections is tenable. The
order fixed no date for the payment, but was drawn in the usual
form, payable "out of the moneys belonging to the school
house fund." It was competent, therefore, for the payee in the
order to stipulate that the time for payment should be extended
for five years, and the fact that it was not signed by the officers
of the school district did not render the stipulation invalid.
The stipulation it will be noticed, was made at the same time
that the order was issued, and was not in the nature of a new
agreement to pay the debt, but an original agreement fixing
the time for payment. The fact that the interest was not paid
annually, as specified in the agreement, was one the payee or
assignee could have taken advantage of had he been disposed
to do so; but, not having done so, the time for payment did not
expire until April 29, 1887, less than six years before the com-
mencement of this action. It was competent, therefore, in re-
buttal of defendant's defense of the statute of limitations, to in-
troduce this agreement or stipulation in evidence, and it was
properly admitted in connection with the certificate of the
school officers, in which they admitted knowledge of the exten-
sion, and virtually assented to it.

5. The admission of the certificate of the school district
officers in evidence is also assigned as error. This certificate
describes the order substantially, and as an order payable in
five years from the date of the certificate, April 29, 1882; and
they further certify to the legality of the proceedings of the
township meeting, proceedings of the board of school district
officers, value of the property of the district, etc. If the cer-
tificate was offered for any purpose other than to prove that

the school district, through the officers of such school district, had knowledge of the extension of the time of payment of the order, and assented to such extension, it was clearly inadmissible, as the certificate of a public officer, not authorized by law to make it, has no more effect than a private person. U. S. v. Bank of Columbus, 21 How. 356; Goose River Bank v. Willow Lake School Tp., (N, D.) 44 N. W. 1002; Dixon Co. v. Field, 111 U. S. 83, 4 Sup. Ct. 315; Daviess Co. v. Dickinson, 117 U. S. 657, 6 Sup. Ct. 897; Glidden v. Hopkins, 47 Ill. 525; School Dist. No. 3 v. Fogleman, 76 Ill. 189; Dil. Mun. Corp. § 531. But if offered, as it seems to have been, to prove that the school district, through its officers, had knowledge that the time for payment of the order had been extended five years, and assented thereto, we think it was admissible for that purpose; and this court will presume, in the absence of evidence in the record to the contrary, that it was only admitted and considered by the court upon that question. Sykes v. Bank (S. D.) 49 N. W. 1058.

6. The learned counsel for the appellant further contend that, as the school building was not completed in accordance with the terms of the contract, the plaintiff was not entitled to recover any amount upon the school warrant, the consideration for the warrant being the erection and completion of the school building according to the terms of the contract. While it may be true, in one sense, that the consideration for the school warrant was the erection and completion of the school building, yet it was really issued to provide funds for the erection of the school building. The nature of the transaction is thus explained by Mr. Ledyard, the contractor and payee named in the warrant: ''No work had been done on the schoolhouse at the time the school order was signed. I transferred it immediately after I received it, for the purpose of getting funds to build the schoolhouse with. The school board knew of my transfer. I gave them a bond to build the schoolhouse on consideration they were to give me this order to sell to get funds

to build with." In our view of the case, the transaction was substantially a sale of the order to procure funds with which to erect the schoolhouse on the part of the board. The school board knew of the transfer, and it was apparently transferred with its consent, and as a part of the arrangement between the parties, as Ledyard says: "I gave them a bond to build the schoolhouse on consideration they were to give me this order to sell to get funds to build with." The board therefore virtually paid the said Ledyard in advance, and accepted the bond as security for the erection and completion of the school building. This is further evident from the fact that the order, transfer, and certificate made by the board were all executed on the same day, and seem to have been a part of the same transaction. The board thus consenting to the sale and transfer of this school order for the purpose of providing funds to the contractor for the erection of the schoolhouse, and undertaking to secure the school district against loss on account of such transfer by taking a bond from the contractor Ledyard, it would inequitable and unjust to permit the school district to now insist that the failure of Ledyard to complete his contract should be admitted as a defense against the order in the hands of a party to whom it was thus transferred with the knowledge and consent of the board. Corporations, as well as individuals, must be held to the exercise of good faith and fair dealing in their transactions. The school board having accepted the bond and consented to the transfer of the school warrant for the purpose of procuring funds with which to erect the building, the school district is estopped from now insisting that the failure to complete the building should deprive the plaintiff of his right to recover on the warrant. The case seems to have been tried upon the theory that the defendant was only entitled to have deducted, as damages, the amount required to complete the school building. This was all the defendant, under the facts and the law of the case, was entitled to, in any event. There was no error, therefore, of which the defendant can complain, in the findings of

the court upon the question of failure to complete the building.

7. Several errors are assigned upon the ruling of the court on the admission of evidence. The following question was asked Mr. Webster, a witness for the defendant: "State, Mr. Webster, whether the district ever completed the schoolhouse." This was objected to, on what ground does not appear, and the objection sustained. We are unable to see the materiality of the question, and therefore see no error in excluding it. Mr. Webster testified that the schoolhouse was built on the land of the district, and that the district had subsequently occupied it for school purposes. Under the theory on which the case was tried, it seemed to have been conceded that, after completing the building, the district did occupy it, and held its schools therein. It was not material, therefore, whether the district formally accepted it or not. Mr. Webster was also asked as to the difference in value of the schoolhouse as left by the contractor and what it would have been worth if completed according to the contract. This was objected to on the ground, among others, that the witness had not shown himself competent to testify upon that subject, and the court sustained the objection. In this we think the court ruled correctly, as the witness had shown by his answers that he was not competent to give an opinion upon that question. He had no experience in building; was a farmer, not a mechanic competent to judge of the value of carpenter's work. A similar question was asked of witness Simons, which was objected to on the same grounds, and also upon the further ground that witness Ledyard, the contractor, a witness for defendant, had given the cost of each item required to complete the building, which the plaintiff admitted was correct. The court sustained the objection on the ground that the difference between the building as shown and the building completed was not the proper measure of damages. We are of the opinion that under the answer in this case, and the evidence introduced by the defendant, the court properly sustained the objection. The an-

swer set out in detail the work omitted by the contractor under his contract, and claimed damages for each item, as follows: "That he [the contractor] did not build said chimney nor furnish materials therefor, to the damage of defendant in the sum of $10." Thirteen items of damage were specified in a similar manner. The defendant had also introduced as a witness the contractor, and proven the several items, and the cost of the same, to complete the building according to the contract. Therefore, having adopted this method of pleading and proving the damages, we think the defendant was properly confined to that method alone.

8. At the close of the trial the defendant requested the court to make certain findings for the plaintiff, which the court declined to do. Comparing the findings signed by the court with those requested, we discover no material difference between them. No fact seems to be omitted in the findings by the court that was sustained by the evidence, material to the defendant, that could have possibly changed the result. The conclusions of law, of course, as stated by the court, are necessarily different from those requested, but, in the view of the case we have taken, his conclusions of law were correct. It may be be proper to add that the damages proved by the defendant were found by the court, and deducted from the amount of principal and interest due on the warrant. Finding no error that requires a reversal of the judgment, the same is affirmed. All the judges concurring.