## DIELMANN V. CITIZENS' NAT. BANK OF MADISON.

1. When a party has pleaded the statute of limitations as a defense to a promissory note, and such note is introduced in evidence by the opposing party, and it appears upon its face to be barred by the statute—the court taking judicial notice of when the action was commenced—the burden of proving such facts as will show the note is not in fact barred devolves upon the party claiming under the note.

2. In such case, if the party claiming under the note fails to rebut the *prima facie* case which the introduction of the note in evidence makes for the party pleading the statute, the court is justified in finding that the note is barred.

3. The note, though appearing upon its face to be barred by the statute, cannot be held to be barred, until the opposing party has had an opportunity to rebut such *prima facie* case made by the note itself.

(Syllabus by the Court.   Opinion filed Feb. 19, 1896.)

Appeal from circuit court, Lake county.   Hon. FRANK R. AIKENS, Judge.

Action by Charles Dielman against the Citizens' National Bank of Madison to recover moneys alleged to have been deposited by plaintiff in defendant bank, subject to plaintiff's check. Plaintiff had judgment and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Murry & Porter*, for appellant.

A general deposit in a national bank can only be drawn out by presenting a check at the counter of the bank, during banking hours.   Adams v. Orange Co. Bank, 17 Wend. 514; Smiley v. Fry, 100 N. Y. 262.   The statute of limitations must be specially pleaded by way of answer, or by reply.   Comp. Laws, Sec. 4833.   The burden is upon the party who claims the benefit of the statute to establish the facts necessary to entitle him to its protection.   Wise v. Williams, 72 Colo. 544; Cameron v. San Francisco, 78 Mo. 32; Lewis v. Mason, 84 Va. 731.   The liability incurred by the payee of a nonnegotiable promissory note who writes his name on the back thereof and sells and delivers it to a third person, is that of a guarantor and the holder is authorized to write an absolute guaranty over such signature. Seymour v. Van Slyck, 8 Wend. 403; Sweeter v. French, 2 Cush. 309; Josslyn v. Ames, 3 Moss. 274, cited in Dean v. Hall, 17 Wend. 219-220.   A person may occupy the dual relation of "indorser and guarantor" on the same instrument.   Watson v. McLaren, 19 Wend. 557.   Defendant could purchase or discount such paper.   Neilsville Bank v. Tuthill, 4 Dak. 295; S. C. 30 N. W. 154.   The guarantee was negotiable.   12 L. R. A., 270.   Had the note been payable to defendant bank, it could have paid it from the amount on deposit to plaintiff's credit. Commercial Nat. Bank v. Henniger, 105 Pa. St. 496.   National

Bank v. Peck, 127 Mass. 298. See also Mandeville v. Union Bank of Georgetown, 9 Cranch. 10; Bedford Bank v. Acoam, 9 L. R. A. 560. A joint and several note is a proper counter-claim. Ferguson v. Milliken, 4 N. W. 185; Clark v. Sullivan (N. D.), 13 L. R. A. 233. A bank may apply a general deposit to the payment of any demand it may have against the depositor. Com. Bank of Albany v. Hughes, 17 Wend. 95; Falkland v. St. Nichols Bank, 84 N. Y. 145; Nat. Bank v. Smith, 66 N. Y. 271; Marsh v. Oneida Bank, 34 Barb. 296; Ætna Nat. Bank v. Fourth Nat. Bank, 46 N. Y. 82; Jordan v. Nat. Shoe and Leather Bank, 74 N. Y. 467; Boone on Banking, § 60; Beardsley v. Warner, 6 Wend. 610. The objection that the note was not a proper counter-claim or set-off because of want of mutuality of contract, or not a proper subject of counter-claim, should be taken advantage of by demurrer, and if not so taken, it is waived. Walker v. Johnson, 9 N. W. 632.

*J. H. Williamson*, for respondent.

On the issue of limitation, the burden is on the plaintiff (in counter-claim) to show that the cause of action accrued within the statutory time. Ayers v. Hubbard, 40 N. W. 10. When the statute of limitations is pleaded, residence will be presumed, and the burden is on the other party to prove any exceptions that would interrupt the running of the statute. Tremaine v. Wetherby, 12 N. W. 609; Van Patten v Bredow, 39 N. W. 907. A debt secured by mortgage under seal will not thereby be kept alive. Lashbrooks v. Hatheway, 17 N. W. 723. Part payment of a note, consisting of the proceeds of the sale of mortgaged property, enforced by a proceeding *in rem*, without any act on the part of the debtor, is not such an acknowledgment of liability as will take the case out of the statute. Thomas v. Brewer, 7 N. W. 571; Littlefield v. Dingwall, 39 N. W. 38. A surety is discharged from liability on a promissory note when the right of action against the maker is barred. Auchanpaugh, Adm'r, v. Schmidt, 27 N. W. 805. See also Lyon v. State Bank, 12 Ala. 508; Angell on Lim. (6th ed.) p.

266, note 1; Probate Judge v. Stevenson, 21 N. W. 348; Willoughby v. Irish, 27 N. W. 379 and note; Brandt on Suretyship and Guaranty, vol. 1, § 143. A note containing a stipulation for reasonable attorney's fee if the note should be collected by suit or by attorney, is non negotiable, Garretson v. Purdy, 3 Dak. 178; Hegeler v. Comstock, 1 S. D. 138; S. C. 45 N. W. 331. There can be no such thing as an "indorser" of a non-negotiable note. Houghton v. Ely, 26 Wis. 181. A non-negotiable written contract may be assigned, and transfers all the rights of the assignor. Comp. Laws, § 3442; Brandt on S. & G., vol. 1, § 178; Wells v. Rogers, 15 N. W. 462. If plaintiff assumed any liability it was that of guarantor, and his contract of guaranty was with W. F. Smith, and was not assignable, and therefore could not be enforced by defendant. How v. Kemball, 2 McLean, 103; Springer v. Hutchinson, 19 Me. 159; Ten Eyck v. Brown, 3 Pinney, 452; Turley v. Hodge, 3 Humph. (Tenn.), 73; 1 Brandt on S. & G., §§ 49-50. If plaintiff was ever liable to any assignee of W. F. Smith, on said note, he was released by the *laches* of the assignee. 9 Am. & Eng. Ency. of Law, 68, note 1. *Laches* of guarantee releases guarantor. 9 Am. & Eng. Enc. of Law, 82, note 3; Durand v. Bowen, 35 N. W. 644; 1 Brandt on S. & G., §§ 100-101; Crossmare v. Page, 14 Pac. 787. An unexplained delay of six years in suing the debtor will ordinarily discharge the guarantor. 9 Am. & Eng. Ency. of Law, 82, note 3; 30 Hun. 266. The defendant not becoming the owner of the note until four years and seven months after its maturity, the note is a "bad debt" and one which the defendant, a national bank, cannot deal in nor recover upon. Rev. Stat. U. S. § 5205. A national bank cannot discount a promissory note that contains a stipulation to pay an attorney's fee if the note shall be sued. Bolles' National Bank Act and Meaning, § 63 A; Merchants Nat. Bank v. Levier, 26 Albany Law Jnl., 447; 14 Fed., 662; 16 Am. & Eng. Ency. of Law, 167, note 7 and cases cited. A bank cannot apply money due to a depositor to the payment of a note upon which he is surety, in

the absence of a special agreement giving it the right to do so. Harrison v. Harrison, 4 L. R. A. 111; Meyers U. S. Cases on Banks, §§ 191-193; Bedford Bank v. Acoam, 9 L. R. A. 560; S. C., 125 Ind., 384; U. S. Rev. Stat. § 5204. The true principle upon which a banker's lien must be sustained, if at all, is that there must be a credit given upon the credit of the securities either in possession or in expectancy. Fourth Nat. Bank v. City Nat. Bank, 68 Ill. 394; 6 L. R. A. 227 and note. General liens for a balance of an account are not favored, and if there be a usage giving to the persons engaged in discounting, buying or selling bills or notes, a lien for a general balance against their customers, such usage should be proved. It will not be presumed to exist in the absence of an express agreement. Grant v. Taylor, 3 Jones & Sp., 338 (N. Y.); 52 N. Y. 627; Wait's Ac. & Def., vol. 1, p. 500.

CORSON, P. J. This was an action by a bank depositor to recover from the defendant bank the balance claimed to be due him as such depositor. The defendant answered, denying many of the allegations of the complaint; and pleaded, as a counterclaim or defense, a balance of $273.59, claimed to be due the defendant on a promissory note executed by one Rice to the plaintiff, and indorsed by said plaintiff, and which had become the property of the defendant bank, and which amount it had deducted from plaintiff's account. To this counterclaim or defense the plaintiff, in a reply, pleaded the statute of limitations in bar. The plaintiff recovered judgment for the full amount of his deposit, and the defendant appeals. The note on which the counterclaim is based bears date July 28, 1884, and was by its terms payable on or before July 28, 1885. The plaintiff, as payee, transferred the note before its maturity. This action was commenced subsequently to December 1, 1891, more than six years after the maturity of the note, and the defendant bank claims to have applied the sum of $273.59 of the plaintiff's deposit to the payment of the balance due on said note, at about

the latter date.   On the trial, the plaintiff introduced evidence tending to prove that on December 9, 1891, he had on deposit with said bank the sum of $478, which the defendant, on proper demand, refused to pay him; and rested.   The defendant, thereupon, to prove its counterclaim or defense, introduced in evidence the promissory note in controversy set out in its counterclaim or defense, with the indorsement of the plaintiff thereon, and evidence tending to prove that there was due and unpaid thereon on  December 1,  1891,  the sum  of  $273.59, and that on July 25, 1885, certain payments were indorsed upon the note, and that on March 22, 1889, the receipts of the proceeds of a sale of foreclosure of a mortgage, given to secure the payment of said note by the maker, were indorsed upon the note at that date; and rested. The plaintiff offered no further evidence, and the case was thereupon submitted to the court, which found, among other facts, the following:   "That the plaintiff therein is a resident of Lake county, South Dakota, and has been a resident of said Lake county during all the times mentioned in the pleadings in this action."   "Third.   That the plaintiff deposited money in the defendant bank at various times, and that on the 9th day of December, 1891, plaintiff had on deposit in defendant bank the sum of $478.   Fourth.   That on the 9th day of December, 1891, plaintiff presented his check on defendant bank, payable to himself, for $478, at the counter of said defendant bank, during the business hours, and that said check was then and there refused.    Fifth.  That said defendant bank had in its possession, on said December 9, 1891, a certain note drawn by Elbert N. Rice, payable to plaintiff, dated July 28, 1885, for $400, and on the back of which was written the name of the plaintiff, preceded by the words, 'Pay to the order of W. F. Smith.'"   The statement in the abstract given in the fifth finding of the court, that the note bears date of July 28, 1885, is clearly a clerical error, as the note, as copied in the record and as set out in the answer, bears date of July 28, 1884, and

was made payable on or before July 28, 1885. In the briefs of counsel it is treated as bearing date of July 28, 1884, and it appears to have been protested for nonpayment July 31, 1885. We shall therefore assume that the date of the note as stated in the fifth finding was intended to be read 1884 instead of 1885. The court concludes as matters of law, as follows: "Second. That due and legal demand of payment of said sum was made by said depositor on said December 9, 1891, by presenting his check for said amount at the counter of said bank, during business hours, payable to himself. Third. That no part of said money has ever been paid said plaintiff by defendant, but there is now due the plaintiff from defendant the sum of $478, and interest thereon at 7 per cent per annum from December 9, 1891. Fourth. That the note held by defendant, and introduced in evidence and marked 'Exhibit A,' came due July 28, 1885. Therefore more than six years had elapsed since the maturity of said note, before the commencement of this action, and hence action on this note is barred by statute of limitation."

Appellant contends, first, that the evidence is insufficient to support the finding that a demand was made upon the bank for the money due the plaintiff, prior to the commencement of the action. Without intimating any opinion as to the necessity for such a demand, we think there was, in the absence of any conflicting evidence, proof sufficient to support the finding of the court. This brings us to the important question involved in this case, namely, was the evidence that the note was barred by the statute sufficient to support the plaintiff's reply and the court's conclusion of law? Appellant contends that the court erred, in its conclusion of law that the note was barred, for the reason that the plaintiff gave no evidence in support of his reply, and that the facts pleaded in his reply, being deemed in law to be controverted by the defendant, must be regarded as not proven. This contention of the appellant is not tenable, under the facts proven in this case. The plaintiff pleaded the

statute, as he was required to do to avail himself of the bar; but when the defendant introduced the note in evidence, the court taking judicial notice of when the action was commenced, it proved *prima facie* the allegations in plaintiff's reply (Searls v. Knapp [S. D.] 58 N. W. 807), as it appeared upon its face to be barred by the statute; and defendant's evidence further proved that the indorsement of payment of March 22, 1889, was made upon the foreclosure of the mortgage given to secure the payment of the note, and was not a payment made by the plaintiff. Where one party introduces a written instrument in evidence, without any limitation of the purpose for which it is introduced, it is in evidence in the case for all purposes, and the adverse party may avail himself of it in support of his pleading, the same as though formerly offered in evidence by himself. Esshom v. Hotel Co. (S. D.) 63 N. W. 229. It further clearly appeared, by the evidence of the defendant's cashier that the amount claimed by the bank to be due on the note was not applied upon the note or charged up to the plaintiff until December 1, 1891. These facts, and the evidence of the plaintiff, and admissions in the defendant's answer tending to prove that the plaintiff had resided in this state since the date of the note, constituted *prima facie* a good defense to the note under the statute. At that stage of the case, it was incumbent upon defendant, if it had any evidence to rebut this *prima facie* case, and to show that the note was not in fact barred, to introduce such evidence in rebuttal of plaintiff's case. Meyer v. School Dist., 4 S. D, 420, 57 N. W. 68. The defendant failed to give or offer any evidence, and the plea of the statute was therefore established, and the conclusion of law by the court that the note was barred by the statute was correct. The contention of appellant, that the finding of the court that the plaintiff was a resident of the state during all of the time of the transactions in controversy is not supported by the evidence, is clearly untenable. Assuming, without deciding, that such proof was necessary, it was shown in this case that the note was executed

and made payable in this state; and the defendant alleged in his answer "that on the 14th day of April, A. D. 1884, plaintiff became a customer of the defendant, and ever since, and up to December 1, 1891, they had dealings and kept mutual accounts with each other;" and the plaintiff testifies that, at the time of the trial he was a resident of Lake county. This evidence, uncontradicted, with defendant's answer, was clearly sufficient to support the finding. The plaintiff's defense of the statute of limitations being sustained, it is not necessary to discuss the other questions in the case. The judgment of the circuit court is affirmed.