## Searls v. Knapp *et al.*

1. An averment in an answer that the cause of action set forth in the complaint did not accrue within six years of the commencement of this

action; sufficiently pleads the statute of limitations, and, when established by competent evidence, the burden of proof is upon the plaintiff to relieve himself from its operation.

2. A trial court will take judicial notice of all the necessary proceedings, pleadings and jurisdictional papers in a case when before it for determination, and the same need not, upon the trial, be introduced in evidence.

3. When the judgment of a trial court is assailed on appeal, and the question of its validity must be settled by the adoption of a presumption, this court will entertain a presumption in favor of such judgment, instead of one that will overthrow the same; and when the date of the commencement of the action becomes material in order to sustain a judgment appealed from, and the record fails to disclose when the summons was served or the action commenced, this court will presume that the summons and return thereon were judicially noticed, and that the judgment was supported by such official knowledge.

(Syllabus by the court.   Opinion filed April 26, 1894.)

Appeal from Minnehaha county court.   Hon. E. PARLIMAN, Judge.

Action to recover upon two certain promissory notes.   Defendants had judgment, and plaintiff appeals.   Affirmed.

*Joe Kirby*, for appellant.

*E. S. Johnson*, for respondent.·

FULLER, J.   The plaintiff brought suit upon two promissory notes of even date, which, according to the recitals of each, became due November 1, 1884, and November 1, 1885, respectively. The defendants admit the execution and delivery of the notes, and plead the statute of limitations by way of answer and in bar of the action.   At the trial the notes were offered and received in evidence without objection, and the plaintiff rested his case   Upon motion of counsel for respondents, the court directed a verdict in favor of the defendants, for the reason that the notes in evidence upon their face showed that the action is barred by the statute of limitations.   From a judgment entered thereon, and from an order denying a new trial, plaintiff appeals.

Counsel for appellant urges that the statute of limitations

is not sufficiently pleaded to be available as a defense. The allegation contained in the answer is as follows: "(2) Alleges that the cause of action therein set forth did not accrue within six years from the commencement of this action." We not think the position is well taken. The averment is sufficient to apprise the plaintiff that the defendants relied upon the statute of limitations as a defense to the action, and upon proof of the fact alleged therein the burden would rest upon plaintiff to show something which would prevent the running of the statute, or relieve him from its operation. Matw. Code Pl. 478; Baylies Code Pl. 252. It is further contended that there was nothing before the court to prove that six years had elapsed when the summons was served, and that the court erred in directing a verdict for defendants. According to the terms of the notes upon which this suit was based, the one which last matured became due on the 1st day of November, 1885. These notes, being introduced, were before the court, and their recitals are *prima facie* evidence of the time when each matured. It is well settled that when the judgment of a trial court is assailed on appeal, and the question of its validity must be settled by the adoption of a presumption, an appellate court will entertain a presumption in favor of such judgment, instead of one that will overthrow the same, and when the date of the commencement of an action becomes material in order to sustain a judgment on appeal, and there is no proof before us as to the time when the summons was served or the action commenced, this court will presume that the summons and pleadings in the action were judicially noticed, as they should have been, and that the trial court was thereby fully advised that the cause of action was barred by the statute of limitations. A court will take judicial notice of all the proceedings, pleadings and jurisdictional papers in a case on trial, and the same need not be introduced in evidence. 1 Whart. Ev. 325; State v. Bowen, 16 Kan. 475; Secrist v. Petty, 109 Ill. 188; Leavitt v. Cutler, 37 Wis. 46. In a criminal case in Iowa it has been held

that the district court will take judicial notice of all the records in a case on trial. State v. Schilling, 14 Iowa 455. Had the plaintiff after proving by the introduction of the notes all that was deemed necessary to entitle the defendants to a judgment, offered evidence of facts that would take the cause out of the statute of limitations, and had the court refused to allow the introduction of such evidence, a different case would have been presented; but, as no such request was made, and no evidence of that character was offered, it is not unreasonable to presume that the plaintiff was in possession of no evidence that would tend to overcome the *prima facie* case in favor of the defendants. Proof is not required of a fact of which the court should take judicial notice, and the presumption in this case is that the court knew officially that the summons was served and the suit commenced after the cause of action was barred by the statute of limitations. The judgment of the trial court is affirmed.