McFARLAND, Appellants, v. HILTSLEY, Respondent.

(166 N. W. 141.)

(File No. 4001.   Opinion filed January 18, 1918.)

1.   Contracts—Attorneys' Fees, Contract For—Alimony, As Affecting —Realty in Lieu of Fees—New Contract—Offer of Evidence.

Plaintiffs' attorneys agreed with defendant, plaintiff in a divorce suit, to perform the suit service, and in response to defendant's written inquiry concerning the amount of fees, stated that for "the preliminary work and the trial of the case our fees would be somewhere between $100 and $150. * * You will understand that probably most of the fee will be made in the way of an allowance out of the property and against Hiltsley.". Held, that an offer by plaintiffs to prove that, pending trial in divorce suit, court had directed payment by defendant in that suit of $100 to plaintiffs, that before trial defendant agreed with plaintiffs that she would settle all rights in and to her husband's propery for $4000, and that by an agreement between her and them they were to receive all above $4000 which said property would sell for, they to pay from such excess costs of suit, that after settlement of divorce case and sale of the property for $4500 plaintiffs paid said costs, should have been allowed by trial court, against objections that the alleged new contract was void, and that it appeared from the

evidence that the original contract, which the offer did not tend to show had been changed by contract in writing or by executed oral contract, still subsisted.

2. **Same—Attorneys' Fees—Oral Contract For Realty in Lieu of Fees, Whether Old Contract Abandoned.**

Said alleged new contract, being oral, was not a mere alteration of the former written contract, but, if actually entered into, it was after a mutual abandonment of the old contract.

3. **Same—Attorneys' Fees, New Oral Contract For Realty in Lieu of—Ambiguity—Whether Void, or Unreasonable, or Without Consideration?—New Contract, Whether for Contingent Fee?**

Said alleged new contract, was not void, but was justified; and trial court rightly construed the original contract as though appellants had written: "Our charges will be $150 besides such allowances out of the property and against Hiltsley as the court may allow." **Held,** further, that said original contract was so ambiguous as to warrant receipt of evidence to show how same was understood by the parties; that if construed as claimed by respondent, to wit, that "Our fee will be $150, but it is understood that a large part of such $150 will be paid in allowances out of the property and against Hiltsley,"· then there was no occasion for a new contract, and the claimed contract would be unreasonable, and without sufficient consideration; but if court placed correct construction thereon, there was ample consideration through foregoing of such further attorneys' fees as court might have allowed plaintiffs had there been no property agreement supporting new contract; that such property settlement brought about a condition under which parties understood no further allowance of attorneys' fees by court would occur. **Held,** further, that under the alleged new contract the attorney fee was not to be contingent upon amount received as alimony.

Appeal from Circuit Court, Deuel County. Hon. CARL G. SHERWOOD, Judge.

Action by J. G. McFarland and C. D. Johnson, co-partners as McFarland & Johnson, against Josie G. Hiltsley, to recover fees for legal services performed. From a judgment for plaintiffs, and from an order denying a new trial, plaintiffs appealed. Reversed.

*McFarland & Johnson,* pro se, and *T. J. Law,* for Appellants. *W. W. Knight,* for Respondent.

(2) To point two of the opinion, Appellants cited:

Note 6 Ann. Cases, 315; 1912 A. Ann. Cases, 1215; Davis

v. Brown County Coal Company, 21 S. D. 173; Simmons v. Sweeney, 109 Pac. 265.

Respondent cited:

Sections 1287, 1270 Rev. C. C.; Share v. Coats, 29 S. D. 603.

(3.) To point three of the opinion, re consideration for new contract, Respondent cited:

Jones v. Longerbeam, 22 S. D. 625; 9 Cyc. 347; as to void-ness of new contract; Donaldson v. Eaton et al, (Iowa) 14 L. R. A. (N. S.) 1168.

WHITING, P. J.    Plaintiffs sought to recover upon an alleged express contract for attorney fees for services rendered defendant in a divorce action brought by her. Plaintiffs alleged that the agreed compensation was $500 and admitted payment of $25.    Defendant admitted the services, denied the contract alleged by plaintiffs, and alleged a written contract under which plaintiffs contracted to perform the services for the sum of $150. Defendant also alleged payment of $91.85.    Plaintiffs testified that prior to the commencement of the divorce action they, in answer to an inquiry made on behalf of defendant, wrote a letter in which it was stated:

That for "the preliminary work and the trial of the case our fee would be somewhere between $100.00 and $150.00. * * * You will understand that probably most of the fees will be made in the way of an allowance out of the property and against Hiltsley."

Plaintiffs admitted that this proposition was accepted in writing.

Plaintiffs then sought to prove, among other things, that pending the trial of the divorce action, the court had directed the payment by Mr. Hiltsley of attorney fees to these plaintiffs in the sum of $100, of which $66.85 had been received to their benefit, the remaining $33.15 being used by them in payment of costs of the suit; that before the trial of the divorce action defendant advised plaintiffs that she would settle all rights in and to her husband's property for $4,000; that plaintiffs assured her that they could get more than $4,000, and probably $4,500, out of certain real property offered in settlement; that in case of such settlement they would accept, in full of their fees, whatever was received out of such property over and above $4,000, they returning her the $25 she had paid, and they also paying from such

excess the costs of the suit; that defendant accepted such proposition; that an agreement as to property rights was effected under which Hiltsley was to give defendant such real estate; that a divorce was granted defendant, and the property agreed upon was decreed her; that such property was sold for $4,500; and that appellants had paid the costs of suit, being the $33.15 above mentioned. Defendant objected to this offer of proof upon the ground that the alleged contract was by its terms null and void, and that it appeared from the evidence that there was between the parties hereto a contract in writing, which the offer did not tend to show had been changed by any contract in writing or by any executed oral contract. This objection was sustained. The trial court having announced that it would allow a credit of $25 on the agreed contract price of $150, but would not allow any credit for the $66.85 item, defendant offered judgment in the sum of $125, and the court directed verdict in that amount. Verdict was rendered and judgment entered thereon. From such judgment and an order denying a new trial this appeal was taken.

[1, 2] Appellants contend that the new, the oral, contract was not a mere alteration of the former written contract, but that there was a mutual rescission or abandonment of the old contract and the substitution of a new one; that such new contract was rendered proper, and even necessary, owing to the changed situation resulting from the settlement reached in the divorce action; that, under such settlement, there would be no further allowance by the court of attorney fees as would otherwise be usual. We think appellants clearly right in their contention that, if the second contract was entered into, it was not a mere attempt to alter the old contract, but was entered into after a mutual abandonment of the old contract. We also believe that a new contract was justified if the court placed the right construction upon the first contract. But respondent contends that the new contract was void because: (1) Entered into while the relation of attorney and client existed between the parties thereto; (2) unreasonable as to its terms; (3) without consideration; (4) it did not appear that respondent was fully advised as to her rights and appellants' duties; (5) it provided a fee contingent upon the amount received as alimony. Respondent relies upon

the decision of this court in Egan v. Burnight, 34 S. D. 473, 149 N. W. 176, Ann. Cas. 1917A, 539. We did not hold that every contract was void if entered into between an attorney and one then his client. Whether such a contract is void depends upon the facts of the particular case.

[3] Respondent contends that there was no consideration for the new contract. She contends that the original contract should be construed as though appellants had written that:

"Our fee will be $150.00, but you understand that a large part of such $150.00 will be paid in allowances out of the property and against Hiltsley."

Appellants contend, and it is clear that the trial court was of the opinion, that such contract should be construed as though appellants had written:

"Our charges will be $150.00 besides such allowances out of the property and against Hiltsley as the court may allow."

[4] We think this contract so ambigious as to warrant the receipt of evidence to show how same was understood by the parties. If such contract should be construed as claimed by respondent, then there was no occasion for a new contract, and the claimed contract would be clearly unreasonable and without sufficient consideration. But if the court placed the correct construction thereon, there was ample consideration (the foregoing of such further attorney fees as the court might have allowed plaintiffs in case there had been no agreement as to property rights) to support the new contract. Such a settlement of property rights brought about a condition under which all parties must have understood that there would be no further allowance of attorney fees by the court. If appellants can establish all they offered to prove, the circumstances surrounding the making of this contract are in no respect analogous to those proven in Egan v. Burnight, supra. After construing the original contract as the court did, it should have received proof of all the circumstances surrounding the making of the second contract, if such a contract was proven, and from all those circumstances determined the validity of the new contract.

Under the terms of the alleged new contract the attorney fee was not in any manner to be contingent upon the amount

received as alimony. Respondent was to receive, in lieu of a cash alimony, a certain piece of real property.

The judgment and order appealed from are reversed.