## In re SMITH'S ESTATE.

SMITH, et al, Appellants, v. SMITH, et al, Respondents.

(270 N. W. 646.)

(File No. 7937. Opinion filed December 26, 1936.)

*Casper G. Aaberg* and *Olaf Eidem*, both of Brookings, for Appellants.

*Albert Matson, Philo Hall,* and *George Schlosser*, all of Brookings, for Respondents.

ROBERTS, J. This appeal involves the right to letters of administration with will annexed upon the estate of William H. Smith who died on March 10, 1933, in Brookings county. He left surviving his widow, six sons, and two daughters. Charles F. Smith and Albert Matson, named as executors in the will, filed with the county court on March 15, 1933, an instrument renouncing their right to appointment and requested that Wiliam T. Shean be appointed as administrator with the will annexed. The county court granted the application. William T. Shean acted in such capacity until February 20, 1935, when he submitted to the county court his resignation to take effect upon approval of the report and account of his administration.

Nellie McGrath and Charles F. Smith; thereafter, filed a petition requesting appointment of the latter as administrator with the will annexed. The other six children of decedent filed objections to this appointment and petitioned for the appointment of F. L. Durkin. To this petition objections were filed by Nellie McGrath and Charles F. Smith. At the conclusion of the hearing on the two petitions and the objections, the county court granted letters of administration with the will annexed to F. L. Durkin. On appeal to the circuit court the order of the county court was affirmed. It is from this determination that Nellie McGrath and Charles F. Smith appeal to this court. Appellants contend that Charles F. Smith did not unconditionally renounce his right to appointment under the will, and apart from the terms of the will he has a preferential right under the statute. Respondents, however, contend that the right to appointment is unaffected by the terms of the will, that the county court acts judicially in the appointment of an administrator, not ministerially, and that there are good and sufficient reasons why the county court should not grant the application of appellants. The reasons set forth in the findings of the circuit court for the appointment of an administrator other than appellant Smith are that "the hostility toward the said Charles F. Smith upon the part of the heirs of said decedent which was ex-

hibited immediately after the death of William H. Smith, still continues and there is bad feeling between several of said heirs and said Charles F. Smith, and an utter lack of harmony between them, * * * and that it is to the best interest of the said estate and all persons interested therein to appoint F. L. Durkin."

It is provided by section 3239, Rev. Code 1919, that "if the sole executor or all the executors are incompetent, or renounce or fail to apply for letters, or to appear and qualify, letters of administration with the will annexed must be issued." The executors filed in the county court an express renunciation of all rights to appointment accompanied by a request for the appointment of another person as administrator with the will annexed. Appellant Smith after the resignation of the person appointed in his stead to administer the estate petitioned the court to grant letters of administration with the will annexed, and the refusal to appoint was based on the record as stated. The only matter with which we are called upon to deal pertains to the refusal of the county court to grant the application presented and not to determine whether an executor may be allowed to retract his renunciation in the case of a vacancy by the resignation of the person appointed or otherwise.

The appellants claim that by virtue of the provisions of section 3249, Rev. Code 1919, as amended by chapter 228, Laws 1921, appellant Smith is entitled to preference. This section reads: "Administration of the estate of a person *dying intestate* must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children. * * * 10. Any person legally competent." The argument is made that this statute which establishes the order in which administration may be granted is mandatory upon courts unless persons entitled to preference are disqualified under section 3253, Rev. Code 1919. In re Myers' Estate, 9 Cal. App. 694, 100 P. 712, is relied upon by counsel. The heirs at law of decedent in that case were three daughters, each being competent to act. Two of the daughters requested the court to appoint a grandson of the deceased and the other applied for letters in her own right. The

court held that by requesting the appointment of another the two daughters renounced their right to administer and the daughter petitioning for letters in her own right was entitled to be appointed in preference to the nominee of her sisters as a matter of strict legal right under the statute. Counsel appear to assume that the priorities prescribed in connection with the right to letters of administration on the estate of intestates are applicable and control as to the right to letters of administration with the will annexed. This construction would require the right to appointment to be determined by the order in which persons entitled are enumerated in the statute without regard to their right to succeed to any part of the estate or the request of a person who would be so entitled.

■■ The provisions of section 56 of the Probate Code 1877, which is the source of section 3249, Rev. Code 1919, and the original provisions of section 1365 of the Code of Civil Procedure of the state of California, were identical with one exception; the statute of that state included public administrators in the enumeration of priorities. As the statute fixing the order of persons entitled to letter of administration was in terms limited to the estates of persons "dying intestate," it was held in an early California decision that the statute did not apply where there was a will entitled to probate and an application was made for letters of administration with the will annexed. In re Estate of Barton, 52 Cal. 538. The statutes of California after the rendition of this decision were amended to provide that "letters of administration with the will annexed, must be issued as designated and provided for the grant of letters in cases of intestacy," and that a relative has preferential right only when he is entitled to share in the distribution of the decedent's personal estate. Cal. Code Amdts. 1877-78, p. 111 (Code Civ. Proc. § 1350). There seems to us to be no ambiguity or uncertainty of meaning. The provisions of section 3249 as amended are not applicable to estates of persons dying testate. Appointment rested in the sound judicial discretion of the county court, and from an examination of the record we find no abuse of such discretion.

The judgment and order appealed from are affirmed.

All the Judges concur.