ESTATE OF WILLIAMS, HETRICK et al., Appellants v. WILLIAMS, et al., Respondents
(215 N.W.2d 489)
(File No. 11230. Opinion filed February 20, 1974)

Tidball, Blando, Kemnitz & Axtmann, Pierre, for contestants and plaintiffs and appellants.

Costello, Porter, Hill, Banks & Nelson, Rapid City, for proponents and defendants and respondents.

DOYLE, Justice.

This case involves the contest of the will of A. J. Williams. It has been in litigation before the courts since 1967. There have been two complete trials, one before the district county court and a trial de novo before the circuit court. The decision of both courts was in favor of the proponents of the will, and said will was admitted for probate.

The contestants are Lavon W. Hetrick, daughter of the deceased, and her two children Pierre and Tana Hetrick. The proponents of the will are Dick Williams, son of the deceased, and James J. Curran, executor of the estate.

The contestants on appeal challenge the probate of this will on the following grounds:

1. lack of testamentary capacity;

2. undue influence, duress, and fraud;

3. refusal of the trial court to grant a continuance; and

4. refusal of the trial court to grant a motion for a new trial.

The ultimate issues on appeal are whether the evidence is sufficient to sustain the findings of the trial court and whether the trial court abused its discretion.

It would unduly lengthen this opinion to reiterate the facts upon which the trial court rendered its findings of fact and conclusions of law. The trial court found that the testator had the required testamentary capacity, as required by SDCL 29-2-3, when he executed the contested will. It was the opinion of the courts that at the time of execution of the will A. J. Williams was capable of acting rationally, was able to comprehend the extent of his property, the disposition that he desired to make of his property, and was able to select the objects of his proposed bounty. In re Corson's Estate, 1912, 29 S.D. 14, 135 N.W. 666; Peterson v. Imbsen, 1923, 46 S.D. 540, 194 N.W. 842.

The trial courts further found that the contestants failed to prove that undue influence had been exerted on the testator at the time of the execution of the will. In re Armstrong's Estate, 1937, 65 S.D. 233, 272 N.W. 799; In re Rowland's Estate, 1945, 70 S.D. 419, 18 N.W.2d 290.

■ We have reviewed the voluminous record in this case on the merits. Some of the evidence as to testamentary capacity and undue influence is contradictory. However, it was for the trial judge to select, from the conflicting evidence, that which he believed to be true. A review of the findings of fact is governed by SDCL 15-6-52(a). That section provides in part that:

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

In our opinion, there was sufficient evidence to justify the lower court's decision. In re Estate of Hobelsberger, 1970, 85 S.D. 282, 181 N.W.2d 455.

The contestants also contend error in the lower court's rulings denying motions for a continuance and for a new trial.

■ It is true that at the time of the second trial Lavon Hetrick was hospitalized with a reoccurrence of a herniated disc. However, the only claim of illness or inability to participate in the trial was counsel's affidavit annexed to the motion. No mention of her alleged difficulties appears in the record of the trial. Numerous continuances had already been granted in this case over the years for various reasons. Lavon Hetrick testified at the trial from a hospital bed. She testified intelligently and in great detail for some 210 pages in the record. Illness is not ipso facto a cause for continuance. It is for the trial judge to decide upon all the evidence submitted whether or not a witness is capable of fulfilling his obligation and duty as a witness before the court. This court on appeal considers denial of a motion for continuance as being within the sound discretion of the trial court whose action is presumptively correct and which will be reversed only on a showing of abuse of discretion. Saastad v. Okeson, 1902, 16 S.D. 377, 92 N.W. 1072; Hyde v. Hyde, 1959, 78 S.D. 176, 99 N.W.2d 788.

■ In denying contestants' motion for a new trial, which was supported by counsel's affidavit restating virtually all of the material contained in his affidavit in support of the motion for continuance, the trial judge had before him Lavon Hetrick's ability to handle her trial duties as he observed her during the trial. The record does not reflect an abuse of discretion on the part of the trial court in refusing to grant a new trial.

Judgment affirmed.

All the Justices concur.