In the Matter of the ESTATE of A. J. WILLIAMS, Deceased.

LaVon W. HETRICK, Petitioner and Appellant,

v.

Maxine Y. WILLIAMS, Petitioner and Respondent.

No. 11583.

Supreme Court of South Dakota.

March 25, 1976.

Keith A. Tidball of Tidball, Kemnitz & Lovald, Pierre, for petitioner and appellant.

William G. Porter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for petitioner and respondent.

WOLLMAN, Justice.

Appellant has appealed from an order that denied her petition asking that letters of administration with the will annexed of the estate of A. J. Williams, deceased, be issued to her nominee, Kenneth W. Steele, and that granted a petition for letters of administration with the will annexed filed by Maxine Y. Williams. We affirm.

Following the death of A. J. Williams on September 16, 1967, his daughter, LaVon

W. Hetrick, appellant herein, contested his will and appealed the order of the circuit court upholding the will. We affirmed the circuit court's decision on February 20, 1974. See *In re Estate of Williams*, S.D., 215 N.W.2d 489. During the pendency of the contest proceedings, James J. Curran, the alternate executor named in decedent's will (the designated executor having filed a declination), served as special administrator until his death on July 3, 1973, following which Maxine Y. Williams, widow of decedent's son Pierre Williams, and mother and duly appointed guardian of her three minor children, who are beneficiaries under decedent's will, was appointed special administratrix of decedent's estate.

Appellant, who is the beneficiary of a trust created under decedent's will, the trust to consist of an undivided one-fourth of decedent's property, filed her petition on April 8, 1974; Maxine Y. Williams filed her petition on May 6, 1974.

At the hearing on the petitions, counsel for appellant alleged that it was necessary that a disinterested third party be named administrator in view of the hostility and conflicts that existed between appellant and the other heirs and beneficiaries of decedent's estate, and further alleged that certain lands owned by Williams Land Co., the majority of the stock of which is owned by decedent's estate, had been leased by decedent's surviving son for $1.00 an acre. Although given opportunity by the trial court to do so, appellant offered no evidence to support these allegations or to establish the qualifications of Mr. Steele to act as administrator with the will annexed.

In a lengthy, carefully prepared memorandum opinion, later incorporated in the findings of fact and conclusions of law, the trial court ruled that because neither appellant nor Maxine Y. Williams had furnished the court with any facts upon which it could properly exercise its discretion whether to appoint appellant's nominee, the court as a matter of law was required to grant Maxine Y. Williams' petition for letters of administration inasmuch as she occupied the same order of preference that her children would occupy were they not minors.

Appellant contends that the trial court erred in holding that her nominee did not have preference over Maxine Y. Williams and in failing to take judicial notice of the records and files in the previous proceedings concerning the estate, which, appellant contends, amply support appellant's contentions concerning the hostility and conflicts that exist between her and Maxine Y. Williams and decedent's heirs and beneficiaries.

SDCL 30–8–12 provides:

"If the sole executor or all the executors are incompetent, or renounce or fail to apply for letters, or qualify, letters of administration with the will annexed must be issued to the surviving spouse, next of kin, or others, in the same order and manner as is directed in §§ 30–9–1 to 30–9–5, inclusive."

SDCL 30–14–11 provides:

"If all such executors or administrators die, resign, renounce, or become incapable, or the power and authority of all of them are revoked, the circuit court must issue letters of administration, with the will annexed or otherwise, to the widow or next of kin, or others, in the same order and manner as is directed in relation to original letters of administration on such notice as the court may direct. The administrators so appointed must give bond in like penalty, with like sureties and conditions as required of administrators in chapter 30–13, and shall have like power and authority."

SDCL 30–9–1 provides in part that:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

\*    \*    \*    \*    \*    \*

(2) The children;

\*    \*    \*    \*    \*    \*

(6) The grandchildren;
\*  \*  \*."

SDCL 30–9–4 provides in part that:

"Administration may be granted to one or more competent persons, though not entitled to the same, at the written request of the person entitled, filed in the court. * * * " *

■ We conclude that the trial court was correct in ruling that a nominee named by a person having a preferential right of appointment under SDCL 30–9–1 is not entitled to letters of administration as a matter of absolute right, the court having discretion to appoint such nominee or someone else in a lower order of preference. *In re Bedell's Estate*, 97 Cal. 339, 32 P. 323; *In re Healy's Estate*, 122 Cal. 162, 54 P. 736; *In re Brundage's Estate*, 141 Cal. 538, 75 P. 175; *In re Enochs' Estates*, Okl., 322 P.2d 197; Bancroft's Probate Practice, 2d Ed. § 254; Annot. 113 A.L.R. 780.

■ Likewise, the trial court was correct in ruling that as the duly appointed guardian of her minor children, Maxine Y. Williams stood in the same order of preference that her children would have under SDCL 30–9–1(6), by virtue of SDCL 30–9–7, which states that:

"If any person entitled to administration is a minor or an incompetent person, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court."

In construing a statute substantially similar to SDCL 30–9–7, the California Supreme Court held that the guardian of a minor stands on an equal plane with all others within the same class of preference as the minor, and that the words "or any other person entitled to letters of administration, in the discretion of the court," refer to other persons in the same order of preference as the minor, from among whom the court could, in its discretion, appoint an administrator in preference to the minor's guardian. *In re Turner's Estate*, 143 Cal.

438, 77 P. 144. We conclude that the California Court's analysis of the statutory counterpart to SDCL 30–9–7 is correct, and we follow that holding here. See also *In re Davis' Estate*, 55 Cal.App.2d 784, 131 P.2d 557; and *In re Waltz' Estate*, 244 Cal. App.2d 217, 52 Cal.Rptr. 880. Annot. 135 A.L.R. 585.

■ With respect to appellant's contention that the trial court erred in not taking judicial notice of the contents of the files and records in the prior proceedings held in connection with decedent's estate, it is true, of course, that, "A court will take judicial notice of all the proceedings, pleadings, and jurisdictional papers in a case on trial, and the same need not be introduced in evidence." *Searls v. Knapp*, 5 S.D. 325, 327, 58 N.W. 807, 808. It is also true that the trial court stated in its memorandum decision that neither petitioner had offered any evidence in support of her respective petition nor in opposition to the appointment of the other and that therefore there was no determination of facts to be made by the court. On the other hand, the court also stated that "the only possible conflict that may appear on the part of either of these petitioners is the fact, apparent from the record of this Estate, that LaVon W. Hetrick was the contestant in the will contest which has now been resolved. No evidence has been offered concerning Mrs. Hetrick's present attitude towards the confirmed admission of this Will to probate." In the absence of any evidence to the contrary, we will presume that the lower court considered all of the files and records in the proceedings conducted with respect to decedent's estate up until the date of the hearing on the two petitions. *Searls v. Knapp*, supra. Indeed, at the hearing on the petitions, the court first considered the accounting made by the executrix of Mr. Curran's estate with respect to the period during which Mr. Curran had served as special

---

* In the case of *In re Smith's Estate*, 65 S.D. 48, 270 N.W. 646, this court held that the provisions of SDCL 30–9–1 (then R.C.1919 § 3249) did not apply to estates of persons dying testate. Apparently in reaction to this decision, the words "to the surviving spouse, next of kin, or others, in the same order and manner as is directed in section 35.0501" (now §§ 30–9–1 to 30–9–5) were added to SDCL 30–8–12 by the 1939 Code Commission. The Code Commission also revised R.C.1919 § 3325, the predecessor of SDCL 30–14–11.

administrator of the estate and a claim for fees filed by the attorney who had represented the estate during the period from decedent's death until September of 1971. The accounting and claim are not a part of the record in the instant case, so presumably they were included in the file of the earlier proceedings in the estate, the contents of which the trial court must have considered in approving or disapproving the accounting and claim for fees.

The trial court's statement that appellant had furnished the court no facts upon which to exercise its discretion whether to appoint appellant's nominee reflects the state of the record. That the trial court did not choose to regard the allegations, accusations, charges and countercharges in the instant case or in the earlier proceedings as facts upon which it could exercise judicial discretion in ruling upon appellant's petition does not compel the conclusion that the trial court did not take judicial notice of the contents of the files in those proceedings. Cf. *Soyland v. Farmers Mutual Insurance Co.*, 71 S.D. 522, 26 N.W.2d 696; *State ex rel. Kornmann v. Larson*, 81 S.D. 540, 138 N.W.2d 1.

The order appealed from is affirmed.

DUNN, C. J., and WINANS and COLER, JJ., concur.