Garland Ray GREGORY, Jr., Appellant,

v.

STATE of South Dakota, Appellee.

No. 13642.

Supreme Court of South Dakota.

Argued Sept. 10, 1982.

Decided Oct. 27, 1982.

Walter Mueller, Belle Fourche, for appellant.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Garland Gregory, appellant, was charged with conspiracy to commit murder and murder with premeditated design. He pled not guilty. Pursuant to a plea bargain, appellant changed his plea to guilty on the conspiracy charge. In accord with the plea bargain, the court dismissed the murder count and sentenced appellant to life in prison. No appeal was taken on the conviction. A petition for post-conviction relief was denied, this appeal is from that denial. We remand.

■ Appellant contends the judge accepted his plea of guilty in contravention of the requirements for taking pleas specified in SDCL ch. 23A–7. Appellant specifically argues that no factual basis for his plea was established on the record; that his plea was involuntarily and unintelligently made, and that he was not advised of the nature of the charge and the consequences of his plea.

The order denying post-conviction relief was based on findings of fact and conclu-

sions of law which, unless clearly erroneous, are dispositive. *Spirit Track v. State,* 272 N.W.2d 803 (S.D.1978). There was a finding supporting the plea-taking court's determination that there was a factual basis for appellant's plea. We have reviewed the record and conclude that this finding is not clearly erroneous. However, it does not appear that the post-conviction court specifically addressed appellant's argument that the plea-taking judge erred as a matter of law in not formally establishing the factual basis "on the record." The plea-taking judge stated:

> Now, under our law the Court may not accept a plea of guilty until it is satisfied that there is a factual basis for the plea. I have been involved in this case from its inception; at least, through the Archambault [1] proceedings. I have read the Preliminary Hearing transcripts. I have read the entire file of the Archambault case, which includes, as Counsel are aware of, and we should make of record, statements that he has given to polygraph people and then again the reports of the polygraph people to the State's Attorney and to the Court. And I believe that I am totally, fully conversant with all of the facts as they exist. . . . Well, I really honestly believe that there is a sufficient factual basis in the file to establish that Mr. Gregory did commit the offense to which he plead guilty. . . . Okay, for the record, the Court finds that there is a factual basis for the plea[.]

*Spirit Track, supra,* makes it clear that the factual basis required by SDCL 23A–7–2 and SDCL 23A–7–14 [2] must be established on the record. This can be done by questioning the defendant or by admitting tran-

---

1. Appellant's co-defendant, with whom he was jointly charged. The preliminary hearing was a joint proceeding against Gregory and Archambault.

2. SDCL 23A–7–2 reads: A defendant may plead: (1) Not guilty; (2) Not guilty and not guilty by reason of mental illness; (3) Guilty; or (4) Nolo contendere. Except as otherwise specifically provided, a plea of guilty or nolo contendere must be entered by a defendant himself in open court. If a defendant refuses to

plead, or if the court refuses to accept a plea of guilty or nolo contendere, the court shall enter a plea of not guilty. The court shall not enter a judgment unless it is satisfied that there is a factual basis for any plea except a plea of nolo contendere.

SDCL 23A–7–14 reads: The court shall defer acceptance of any plea except a plea of nolo contendere until it is satisfied that there is a factual basis for the offense charged or to which the defendant pleads.

scripts of testimony, oral testimony, other sworn statements, or tangible evidence. *State v. Sutton,* 317 N.W.2d 414 (S.D.1982); *Spirit Track, supra.* Here the plea-taking judge did not formally make the joint preliminary hearing transcript part of the record, however it was then part of the case file of which the court had judicial notice as fully as though introduced in evidence. *Matter of Estate of Williams,* 90 S.D. 173, 240 N.W.2d 74 (1976); *Searls v. Knapp,* 5 S.D. 325, 58 N.W. 807 (1894); 1 Wharton's Criminal Evidence § 63 (1972).[3] A fair reading of the plea-taking court's comments indicates the preliminary hearing transcript was noticed for the factual basis, which it clearly and fully established. In *State v. VanEgdom,* 292 N.W.2d 586 (S.D.1980), we said that where the court had substantially complied with SDCL ch. 23A–7 no prejudicial error would be found. We accordingly conclude that, in respect to the factual basis, the court substantially complied with SDCL ch. 23A–7.

■ Appellant next argues his plea was unintelligently and involuntarily made because the judge accepted his guilty plea knowing he denied having conspired to the murder. When the plea-taking judge asked appellant whether he and Archambault conspired to murder the victim appellant answered, "Yes, I did." However, when the court next asked appellant if there was anything relating to the conspiracy charge that he disputed, appellant answered, ". . . I did carry on a conversation with [Archambault] about that. But I didn't agree to it." The juxtaposition of a guilty plea and a denial of acts constituting the crime does not necessarily invalidate the plea. In *North Carolina v. Alford,* 400 U.S. 25, 38, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), the Supreme Court held: "In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it." In *Spirit Track,*

272 N.W.2d at 805, we likewise concluded: "If the defendant cannot or will not admit the facts establishing the elements of the crime, the trial court may admit transcripts, [etc.] . . . which will satisfy [it] of the existence of a factual basis for the plea." The requirements of *Alford* were here met and to that extent the plea of appellant is deemed valid.

■ A denial, however, of acts constituting essential elements of the offense raises the further question of whether the defendant fully understood the nature of the offense charged. Appellant argues that his guilty plea was taken in violation of SDCL 23A–7–4(1):

> Before accepting a plea of guilty or nolo contendere a court must address the defendant personally in open court, subject to the exception stated in § 23A–7–5, and inform him of, and determine that he understands, the following:
>
> (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law[.]

In his Supplemental and Additional Petition for Post-Conviction Relief appellant claims he was not advised of the nature of the charge of conspiracy or the consequences of his plea. He preserved these issues in his proposed findings and conclusions. The post-conviction court's findings and conclusions focused on whether there was a factual basis for appellant's plea. The other issues were summarily grouped and dispatched in Conclusion of Law III:

> The trial court concludes as a matter of Law, that each of the other paragraphs of the Supplemental and Additional Petition for Post Conviction Relief filed with this Court, that the Petitioner failed to sustain his burden of proof as to any of these paragraphs and the Court will deny them as not having been proven.

---

**3.** "A court will take judicial notice of all the proceedings, pleadings and jurisdictional papers in a case on trial, and the same need not be introduced in evidence." *Estate of Williams,* 240 N.W.2d at 76, *quoting from Searls,* 58 N.W. at 808.

The post-conviction court must enter specific findings and expressly stated conclusions of law on every issue raised. SDCL 23A–34–18.[4]

Accordingly, we remand for entry of specific findings and conclusions on whether appellant was advised of the nature of the charge and the consequences of his plea and for a determination of whether appellant's guilty plea was a voluntary and intelligent choice among alternative courses of action.[5] *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (See J. White's concurrence, f.n. 1); *Alford, supra; Accord, VanEgdom, supra.*

All the Justices concur.

4. SDCL 23A–34–18 reads: A court must make specific findings of fact, and state expressly its conclusions of law, relating to each federal, state or other issue presented. The order is a final judgment for purposes of review.

5. Appellant argues on appeal that his plea was invalid because he was not advised of his right to a trial "in the county in which the offense was alleged to have been committed," pursuant to our holding in *Sutton, supra.* This issue is not before us as it was not raised in appellant's Petition or Supplemental and Additional Petition, it was not an issue at the post-conviction hearing, and it was not included in his proposed findings and conclusions.