Keith A. TIDBALL, d/b/a Tidball Law Firm, Plaintiff and Appellee,

v.

LaVon W. HETRICK; Pierre Hetrick; and Tana Hetrick Hooten, Defendants and Appellants,

and

Farmers State Bank of Winner, Trust Department, Defendant.

No. 14525.

Supreme Court of South Dakota.

Considered on Briefs Jan. 8, 1985.

Decided Feb. 27, 1985.

Thomas M. Maher of Maher, Carter & Bode, Pierre, for plaintiff and appellee.

John W. Keller of Keller & Keller, Huron, for defendants and appellants.

HENDERSON, Justice.

## ACTION

This is an appeal by the defendants, LaVon W. Hetrick, Pierre Hetrick, and Tana Hetrick Hooten, from a judgment of the trial court holding that plaintiff, Keith A. Tidball, was entitled to recover attorney fees in accordance with a written contract for legal services. Farmers State Bank of Winner is not an appellant. We affirm.

## FACTS

This was a court trial. Appellant-defendant LaVon Hetrick was an income beneficiary of twenty-five percent of her father A.J. Williams' estate. LaVon's children, Pierre Hetrick and Tana Hetrick Hooten, were residual beneficiaries of their mother's share. Under the terms of a previously revoked trust and will, however, LaVon

would have received an outright share of the estate. Litigation contesting the final will was pursued in county court and tried unsuccessfully. After the initial trial and in October 1971, LaVon Hetrick contacted Attorney Keith A. Tidball, appellee-plaintiff herein, to further represent her interests in this matter. The rate for such representation was agreed to be $35.00 per hour. Subsequently, after attorney fees were incurred, appellants and Tidball entered into a new compensation arrangement and the written agreement now in question was signed. Appellant LaVon Hetrick backdated the fee agreement to wipe out the accrued hourly charges which Mr. Tidball and his firm had incurred. The agreement provided in part:

In consideration of [Tidball] representing [the Hetricks] in a contest as to the rights of inheritance ... in the matter of the Estate of A.J. Williams, deceased, it is agreed as follows:

That the [Hetricks] hereby agree that [Tidball] shall receive ⅓rd of the net recovery to [the Hetricks] at the final conclusion of said matter, whether upon settlement, appeal or by other means.

Further that in the event no recovery is had, [the Hetricks] agree to reimburse [Tidball] for actual out-of-pocket expenses involved in said contest not to exceed the total sum of $2500.00.

The case was again tried unsuccessfully before the circuit court de novo. An appeal was filed and affirmed by this Court. *In re Estate of Williams*, 88 S.D. 55, 215 N.W.2d 489 (1974). Another action contesting the revocation of the initial trust was then contemplated and later dismissed by Tidball.

After the final disposition of the above litigation and contemplated action, Tidball continued to represent appellants at their request in matters concerning the probate of the A.J. Williams Estate and diverse other matters brought into the office by LaVon Hetrick. Tidball's representation in regard to the Williams Estate included, but was not limited to, actions to preserve the estate, accounting actions, an action and

judgment for back rentals, the removal of a hostile administrator, the successful removal of the trust provisions as to LaVon Hetrick and in 1979 the procurement of a settlement whereby LaVon Hetrick alone would receive twenty-five percent of the trust principal. Never during these eight or nine years of representation by Tidball, including the five years after the conclusion of the will contest, had a change in the manner of his compensation been made or discussed. On the eve of settlement, appellants Pierre and Tana Hetrick confirmed that Tidball was to receive one-third of any amounts received. At the settlement hearing in December 1979, an initial distribution of $225,000.00 was to be made. However, LaVon Hetrick refused to permit Attorney Tidball to receive one-third of that initial distribution. The money was then delivered to the court and the present action was commenced by Tidball to collect his fees under the agreement. After a bench trial, the court below held that Tidball was entitled to receive one-third of the initial distribution and one-third of all future distributions. The trial court also ruled against the Hetricks' counterclaim based on negligence. It is from this ruling that the Hetricks now appeal.

DECISION

I.

DID THE TRIAL COURT ERR BY RULING THAT TIDBALL WAS ENTITLED TO COLLECT HIS FEES UNDER THE TERMS OF THE AGREEMENT?

Appellants contend that the trial court's ruling is in error for three reasons. First, appellants contend that before Tidball can recover under the contract, he must show that the high standards required of attorneys when entering compensation contracts, after the inception of the attorney-client relationship, were met. Appellants argue that Tidball failed to meet this burden of proof because he did not offer any evidence that these standards were met.

Second, appellants contend that under the terms of the agreement, nothing is owed to Tidball. It is asserted that Tidball was entitled to a one-third fee from the recovery from the will "contest" only and since this ended unsuccessfully in 1974, Tidball is entitled to nothing. It is further argued that if the agreement's meaning in this respect is ambiguous, it is to be interpreted against the party who drafted it and such an interpretation is in conflict with the trial court's ruling.

Third, appellants also contend that the trial court's ruling, in effect, grants Tidball a blanket assignment of a one-third interest in anything which flows to the Hetricks from the estate and that such a construction cannot be supported by the agreement itself.

■ An attorney's compensation is to be left to the agreement of the parties. SDCL 15–17–6. However, a compensation contract entered into after the inception of the attorney-client relationship will be closely scrutinized by the courts. *Egan v. Burnight*, 34 S.D. 473, 484, 149 N.W. 176, 180 (1914). This is because a confidential relationship of the highest integrity exists and it is necessary to protect this confidence from abuse or use to the attorney's advantage. Therefore, although compensation agreements made during the existence of the attorney-client relationship are not void per se and must be judged upon the facts of each particular case, *McFarland v. Hiltsley*, 39 S.D. 618, 166 N.W. 141 (1918), the burden of proof does fall upon the attorney to show: "(1) That the transaction was perfectly fair; (2) that it was entered into by the client freely; and (3) that it was entered into with such a full understanding of the nature and extent of his rights as to enable the client to thoroughly comprehend the scope and effect of it." *Egan*, 34 S.D. at 485, 149 N.W. at 180 (quoting *Thomas v. Turner's Adm'r*, 87 Va. 1, 13, 12 S.E. 149, 153 (1890)).

■ The evidence presented at trial clearly shows that Tidball met his burden of proof and fails to support appellants' contentions on this issue. Appellants initially hired Tidball on an hourly basis and when LaVon Hetrick decided appellants were unable to pay for the hours already incurred, she approached Tidball about changing to a contingent fee. There were doubts about appellants ever receiving anything and by switching to a contingent fee arrangement, appellants minimized their expenses if the future did not bear economic fruit. Such a transaction was perfectly fair and freely entered into. LaVon Hetrick was not unfamiliar with lawyers and their compensation. She had previously hired a number of different lawyers and developed a history of not paying her counsel. Information was not withheld or misrepresented to her and she was knowledgeable of the status and prospects of her case so as to thoroughly comprehend the scope and effect of the compensation agreement. Although it may have been preferable for Tidball to request appellant LaVon Hetrick to seek the independent advice of outside counsel in regard to the new compensation agreement as a precaution against undue influence, and it assuredly should be a precaution pursued by South Dakota attorneys in the future, its absence does not invalidate the contract. *Egan*, 149 N.W. 176. Throughout the nine years Tidball represented these appellants, LaVon Hetrick reaffirmed the agreement on many occasions, both orally and in written communications. The trial court reviewed exhibits in which she declared certain things be done "pursuant to the agreement." It does appear from the record that, during this litigation, LaVon Hetrick had independent advice from other attorneys, including the State of Colorado. From time to time, she advised Tidball that she was securing independent advice. Tidball worked diligently on removing the trust provisions as to LaVon Hetrick and other various legal matters for nine odd years. It appears that when the objective was finally reached and the reality of paying the fee was at hand, LaVon Hetrick sought to escape from the agreement. Nine years is a long time to toil in the legal vineyard without recompense. Attorney Tidball, during those nine years, expended a great amount of time, talent, office staff, and his own funds to

further appellants' cause. He served his clients ably and, like any good servant, he is entitled to his just pay. Tidball's case is buttressed by several witnesses who testified that LaVon had mentioned payment in accordance with the written agreement on several occasions during the many years Tidball represented her. She also discussed the fee in the presence of one Dick Williams, calculating the amount of money she would receive in the settlement and made statements to the effect, "after your one-third is deducted, then how much will I receive?" Apparently, she did not want to pay the one-third at the time of settlement, December 1979, but indicated that she desired that Tidball's fee come from the "second installment." The only evidence presented by LaVon was her own testimony and she admitted on the stand that she assumed Tidball would be paid for his services by some means on a one-third basis. The trial court observed the witnesses and heard the testimony and its decision cannot be said to be clearly erroneous. *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970).

## II.

### DID THE TRIAL COURT ERR IN RULING THAT APPELLEE TIDBALL WAS NOT GUILTY OF NEGLIGENCE?

Appellants argue that the trial court erred by failing to find Tidball negligent in his representation of the Hetricks. Appellants claim that Tidball was negligent when he failed to petition to have LaVon appointed Administratrix even though she had an absolute statutory preference for the position. Tidball testified that this was discussed with LaVon and so decided because he did not think the court would appoint a person who had been contesting the will as Administratrix. The failure to petition to have LaVon Hetrick appointed Administratrix was discussed with her and done for practical and sound reasons. The trial court held this not to be negligence and, upon this evidence, this Court is not "left with a definite and firm conviction that a mistake has been committed." *Hobelsberger*, 85 S.D. at 289, 181 N.W.2d at 459.

For the reasons expressed above, the trial court's ruling is affirmed in all respects.

All the Justices concur.

WUEST, Circuit Judge, acting as Supreme Court Justice, participating.