485 N.W.2d 591 (1992)
In the Matter of the ADOPTION OF C.T.E. and C.N.M.
Richard D. EVENS, Respondent and Appellant,
v.
Heather and Keith THOMPSON, Petitioners and Appellees.
No. 17626.
Supreme Court of South Dakota.
Considered on Briefs March 17, 1992.
Decided May 13, 1992.
*592 Caitlin F. Collier, Vermillion, for respondent and appellant.
Linda Kogel Hasse, Vermillion, for petitioners and appellees.
WUEST, Justice.
Richard Evens (Evens) appeals from a final order entered granting Keith Thompson's (Keith) Petition for Adoption of the two minor children (C.T.E. and C.N.M.) of Evens and Heather Thompson (Heather). Evens raises three issues on appeal. Because of our holding as to the first issue, we need not address the others. We hold the trial court abused its discretion in refusing to grant Evens' motions for continuance.
C.T.E. was born on January 3, 1985, and C.N.M. was born on June 23, 1986. Heather is the natural mother and Evens is the natural father of the two children; although, at all times prior to her subsequent marriage, both children lived with, and were raised exclusively by Heather in the Vermillion area. In 1988, Evens left the Vermillion area and moved to International Falls, Minnesota. He has not attempted to contact the children since. On November 11, 1989, Heather married Keith.
In January 1991, the Thompsons' attorney contacted Evens regarding Keith's interest in adopting the children. Heather also contacted Evens to discuss the matter of adoption.
On March 22, 1991, the Thompsons' attorney contacted Evens by letter and requested that he sign a Consent to Adopt and Power of Attorney. Evens did not respond. Again, on April 11, 1991, the *593 attorney contacted Evens by certified letter requesting he execute a Consent to Adoption by Natural Parent. Evens then contacted the Thompsons' attorney. Evens indicated to the Thompsons' attorney that he would have his attorney contact her.
The Thompsons executed a formal petition for adoption on May 2, 1991 which was filed on May 6, 1991. The same day, the circuit court entered its Order Appointing Time and Place for Hearing. The hearing was set for Monday, June 3, 1991. On May 13, 1991, the Petition and Notice of Hearing was personally served on Evens by the Sheriff of the county in which he resided.
On June 1, 1991, attorney Caitlin F. Collier (Collier) received a call from a Vermillion attorney requesting her to consider representing Evens in his opposition to the Thompsons' petitions. The attorney made this appeal on the basis he knew Evens and knew he had been unable to find an attorney in Vermillion to take his case. On June 2, 1991 (a Sunday), Collier received a phone call at her home from Evens requesting representation at the hearing set for the next day. Evens was then in Cedar Rapids, and was unable to leave because this would result in his loss of employment.
On the morning of June 3, 1991, Collier telephoned the Thompsons' attorney to notice her appearance. Collier was before the trial court on a previously-scheduled matter from 10:00 o'clock a.m. until 12:00 p.m. The hearing on the Petitions was scheduled to begin at 1:00 p.m. Collier twice requested a continuance of the hearing until such time as Evens could appear and present evidence contradicting testimony by the Thompsons. Collier informed the court that, prior to service of the adoption papers, Evens had lost his job in Minnesota but was hired by a company in Cedar Rapids, Iowa at about the time he was served the adoption papers. This employment compelled him to move initially to Cedar Rapids and thereafter from construction site to construction site within the Midwest. The trial court denied both motions, finding Evens had sufficient time to find counsel and prepare for the hearing and had failed to "preserve his position."
Evens did not personally appear for the hearing, nor did he offer evidence in his behalf by way of affidavit, deposition, or otherwise relating to the reasons for his absence from the hearing or addressing the merits of the Petition for Adoption.[1] Based upon the evidence solicited through the testimony of Heather, the trial court found clear and convincing evidence the children had been abandoned by Evens. The court then received Keith's testimony, and found the step-parent adoption was in the best interest of the two minor children.
Evens argues the trial court abused its discretion in denying his motion for continuance. Evens emphasizes he was served three weeks prior to the hearing, that he resided in another state, was newly employed at the time of the hearing in a third state, and was unable to obtain legal counsel in Vermillion, despite diligent efforts to do so, until the day before the hearing.
"The circuit court has the power to grant continuances upon a showing of good cause." Olesen v. Snyder, 277 N.W.2d 729, 732, 9 A.L.R. 4th 1133 (S.D.1979); SDCL 15-11-4 (1984). Evens points out correctly that the grant or denial of a motion for continuance of a hearing or trial is within the sound discretion of the trial court. Olesen, 277 N.W.2d at 732-33; In re Estate of Williams, 88 S.D. 55, 215 N.W.2d 489, 490 (1974); Farmers and Merchants State Bank v. Mann, 87 S.D. 90, 203 N.W.2d 173, 176 (1973); Hyde v. Hyde, 78 S.D. 176, 99 N.W.2d 788, 794 (1959).
This is because the lower court is apprised of the circumstances of the case *594 and the previous proceedings and is therefore in a better position to decide on the propriety of granting the application than the appellate court.... The general rule is that, while the power of a court to grant or refuse a continuance is a discretionary power, this discretion is to be exercised in a sound and legal manner, and not arbitrarily or capriciously. A court cannot, therefore, refuse a continuance where the ends of justice clearly require it; but if an abuse of discretion clearly appears its ruling will be reversed.
Annotation, Right to Continuance Because Counsel is in Attendance at Another Court, 112 A.L.R. 593 (1938). Accord Gaines v. White, 1 S.D. 434, 440-41, 47 N.W. 524, 525 (1891), aff'd on reh'g, 2 S.D. 410, 50 N.W. 901 (1892); 17 Am.Jur.2d Continuance § 5 (1990).
In deciding whether or not to grant a continuance, a trial court must consider: (1) whether the delay resulting from the continuance will be prejudicial to the opposing party, 17 Am.Jur.2d Continuance § 4; Gaspar v. Kassam, 493 F.2d 964, 969 (3rd Cir.1974); (2) whether the continuance motion was motivated by procrastination, bad planning, dilatory tactics or bad faith on the part of the moving party or his counsel, Concerned Citizens of Bushkill Tp. v. Costle, 592 F.2d 164, 172 (3rd Cir.1979); Gaspar, 493 F.2d at 969; see also Matter of C.J.H., 371 N.W.2d 345, 349 (S.D.1985); Kasson State Bank v. Haugen, 410 N.W.2d 392, 395 (Minn.App.1987); (3) the prejudice caused to the moving party by the trial court's refusal to grant the continuance, Annotation, Unavailability or Absence of Party as Ground of Continuance..., 4 A.L.R. Fed 929 § 4(f) (1970); 17 Am.Jur.2d Continuance § 35; and (4) whether there have been any prior continuances or delays, id.
Here, no apparent prejudice would have resulted to the Thompsons from a continuance. No witnesses were required to travel great distances to attend, and the Thompsons and their attorney were from the Vermillion area. No previous continuances had been granted to either party. Finally, the trial court had the option of mitigating any economic disadvantage resulting from the delay of a continuance by requiring the moving party, Evens, to pay "costs occasioned by the postponement." Olesen, 277 N.W.2d at 733; SDCL 15-11-10 (1984); SDCL 15-17-25 (1984). Cf. People in Interest of D.H., 408 N.W.2d 743, 745-46 (S.D.1987) (mother failed to appear at court proceedings on three occasions, children had been in the custody of Department of Social Services approximately eighteen months).
On the other hand, the prejudice caused to Evens by the trial court's refusal to grant the continuance was great indeed. A parent's legal rights vis-a-vis his or her children are in the nature of a fundamental liberty interest. Matter of Adoption of Bellows, 366 N.W.2d 848, 851 (S.D.1985) (citing Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); People in Interest of S.L.H., 342 N.W.2d 672 (S.D.1983)). Evens' attorney was required to proceed despite Evens' absence. As a result, Evens' testimony was not presented to the court. The circuit court's refusal to grant Evens' continuance was highly prejudicial to his cause. We hold the circuit court abused its discretion in denying Evens' motions for continuance.[2] We remand to the circuit court to hold new hearings on the finding of abandonment and the petition for adoption.
Reversed and remanded.
MILLER, C.J. and SABERS and AMUNDSON, JJ., concur.
*595 HENDERSON, J., concurs with a writing.
HENDERSON, Justice (concurring).
Although I agree with the entirety of the legal points involved, the recitation of certain facts is troubling. Example: "He has not attempted to contact the children since." Such an issue of fact remains to be decided below. Evens disputes such a factual statement. Further, he claims to have proof of Mother receiving child support payments, the result of deductions from his paycheck while working in Minnesota.
Father advocates Mother forbade him from seeing the children and denied him rights of visitation. Again, the trial court must ferret out the facts. Father, also, maintains he was threatened by Mother resulting from a criminal trial wherein he testified for the State of South Dakota as a confidential informant. General hostility towards him, he urges, restricted a close relationship with the children. This should be explored by the trial court. Apparently, Father's mother and sister had interaction with the children in question. See, Claymore v. Serr, 405 N.W.2d 650 (S.D.1987). It is to be noted that father never had an opportunity to testify and present evidence contradicting the mother's assertions on economic support; nor for that matter, to bring out his assertions of threats by Mother and denial of visitation. This Court has held that a temporary, involuntary inability to assume the parental role is not abandonment. Matter of Adoption of Sichmiller, 378 N.W.2d 872, 874 (S.D.1985). SDCL 15-11-6, set forth in footnote 1 of the majority opinion must be read, in harmony, with SDCL 15-11-4 which provides:
When an action or proceeding is called for trial or hearing, or at any time previous thereto, the court or judge may, upon good cause shown, direct the trial or hearing to be postponed to another day of the same or next term, or to such time as shall be just in view of all the circumstances.

Father has not been heard on the merits. Reminds me of:

A STORY
Years ago, when "justice" was not so refined, an old "J.P." (Justice of the Peace) heard a case in Pumpkin Center. It was a civil case and the combatants were boisterous with more gusto emanating from the throat than legal authorities. Plaintiff finished with a shout: "And, by God, Judge, I've got the facts on my side and I've been done in by the defendant." Overcome with the heat of the moment, the old J.P. bellowed: "The Plaintiff wins." Defendant, stung by this instant justice, cried out in anguish: "Judge, that ain't right. You never heard my side of the case." Struck with a momentary air of fairness, the J.P. expressed: "Well, okay, go ahead then." Defendant then presented his case. When he finished, the old J.P. exclaimed in astonishment: "Well, I'll be damned! The defendant wins now."
NOTES
[1] SDCL 15-11-6 (1991 Supp.) provides in pertinent part:

All applications for continuance must be made, by motion, not less than ten calendar days prior to the day set for commencement of the trial, unless the cause for continuance shall have arisen or come to the knowledge of the party subsequent to that time, in which case the motion shall be made as soon as practicable. All such motions shall be in writing and accompanied by affidavits in support of the motion, which affidavits shall set forth with particularity the grounds and cause for such motion as well as the efforts of the party or the party's attorney to avoid such delay. (Emphasis added).
[2] While it is true, Evens failed to file a written motion supported by affidavit as required by SDCL 15-11-6, Evens was unable to hire local counsel until the day prior to the hearing. Thus, it does not appear there was sufficient time for counsel to draw up the appropriate affidavits. Given these extraordinary circumstances and the fact absolutely no prejudice would have resulted to the Thompsons from a continuance, we conclude the trial court should have granted a continuance. See generally 17 Am.Jur.2d Continuance § 4 (technical rules will ordinarily give way to the justice of the case).